GORDON *against* KENNEDY.

IN ERROR.

THIS was a writ of error to the Common Pleas of *Phi-ladelphia* county, upon which the general errors were assigned.

The action was brought to *March* term 1806, against *Gordon* the plaintiff in error, and at the trial a verdict was found for *Kennedy*, and the damages assessed generally at twelve hundred dollars.

The declaration contained seven counts. The last five were upon an *indebitatus assumpsit* for work and labour, a *quantum valebant* for the same, money laid out and expended, money lent and advanced, and money had and received.

The *first* count recited, that whereas on or about the *eighth day of July one thousand eight hundred and five*, it was agreed by and between the said *Elisha Gordon* and the said *John G. Kennedy* in manner and form following that is to say, that the said *John* should exercise his skill as a brewer at the brewhouse of the said *Elisha*, and teach the said *Elisha's* son the art and mystery of brewing, in consideration whereof the said *Elisha* did then and there undertake to pay the said *John* the sum of eight hundred dollars per annum *in equal quarterly payments*, and provide for the said *John* a lodging room, with bed, bedding, and fuel at the cost and expense of the said *Elisha*, and the said *John* and *Elisha* did then and there undertake, each to the other of them, that proper articles of agreement should be drawn and executed; in consideration of which premises, and confiding in &c., the said *John*, on or about the day and year aforesaid, at &c., entered the brewhouse as the said *Elisha's* brewer, and continued for a considerable time, to wit for the space of several months, to superintend the said brewery, and hath always from the time of making the said agreement, hitherto well and truly performed and fulfilled the same in all things on his part &c., and still continues willing to perform and fulfil &c., yet the said *Elisha*, not regarding the said agreement, nor his said promise &c., from time to

The plaintiff declared upon a promise on the 8th *July* 1805, to pay him eight hundred dollars per annum, and to find him a lodging room, bed, and fuel; and laid breaches of the contract in every part, upon which the jury assessed general damages. Judgment was reversed, because it appeared by the record, that the action was brought before the eight hundred dollars were due.

Where the plaintiff declares upon a contract consisting of several parts, and assigns among other breaches, one which from his own shewing could not have taken place before the action was brought, the court cannot intend that the damages, if assessed generally, were given only for that matter in the count which was actionable, and therefore will reverse the judgment.

time did refuse, and still refuses to execute certain articles specifying the said agreement, although drawn up &c., and contriving &c. to deceive and defraud the said *John* in this behalf, hath not paid to the said *John* the sum of eight hundred dollars, nor any part thereof, nor hath he accommodated the said *John* with a room, nor provided for him the bed &c. aforesaid, although often requested so to do, but the same to do the said *Elisha* hitherto hath wholly refused, and still doth refuse.

The *second* count was as follows: And whereas heretofore, to wit, *the day and year aforesaid* at the county aforesaid, in consideration that the said *John*, at the special instance and request of the said *Elisha*, had undertaken and did then and there superintend the said *Elisha's* brewery, and did then and there instruct and teach the said *Elisha's* son in the art and mystery of brewing, he the said *Elisha* undertook, and then and there faithfully promised the said *John*, to pay him the sum of eight hundred dollars PER ANNUM, *and* to provide for the said *John* a convenient lodging room with bed bedding and fuel at the cost and expense of the said *Elisha;* and although the said *John* did perform, and is still ready and willing to perform his promise and undertaking as aforesaid, yet the said *Elisha*, not regarding his lastmentioned promise and undertaking so by him made in manner and form aforesaid, but contriving and fraudulently intending craftily and subtilely to deceive and defraud the said *John* in this behalf, hath not yet paid to the said *John* the *said last mentioned sum of eight hundred dollars nor any part thereof, nor hath he accommodated the said John with a convenient lodging room, nor provided for his use the bed, bedding and fuel as aforesaid*, although often requested so to do. But the same to do hath hitherto wholly refused &c.

*Ingersoll* for the plaintiff in error. The damages being assessed generally upon the whole declaration, if any one of the counts is bad, the judgment must be reversed. *Grant* v. *Astle* (a). The second count lays a contract on the 8th day of *July* 1805, to pay the plaintiff eight hundred dollars *per annum*, to provide a lodging room &c., and charges the

(a) *Doug.* 730.

breach of the contract in not paying the eight hundred dollars, &c., when the year did not expire, and of course the money did not fall due, until more than four months after the action was brought. It appears therefore that the plaintiff has recovered damages for the nonpayment of a sum which by his own shewing was not due. The case of *Hambleton* v. *Veere* (a) is decisive. There the plaintiff declared for procuring his apprentice to depart from his service, and for the loss of his service *for the whole residue of the term of his apprenticeship*, which was not expired at the commencement of the action; and general damages being assessed, the judgment was arrested. *Acton* v. *Eels* (b) to the same point. It is an established principle, that where it is expressly averred in the declaration, that the plaintiff has sustained damages from a cause subsequent to the commencement of the action, and general damages are given, the judgment is erroneous. It cannot be intended that the damages are assessed for only that matter in the count which is actionable, as for not finding the lodging room, bed and fuel; for it is to be taken that they are assessed according to the declaration. Nor can it be intended that damages were given for only so much of the money as was due before the suit; because in the first place nothing was due, it not being stated as in the first count, that the money was payable quarterly; and in the next place, if the declaration is not the guide, it is wholly uncertain what rule the jury have followed. Unless it is to be taken that they have found the whole, there is nothing in this count, that would prevent the plaintiff from bringing a second action, and recovering the eight hundred dollars again.

*Hopkins and S. Levy* for defendant in error. The rule of reversing a judgment after a trial of the merits, where the damages have been assessed generally, and one of the counts happens to be bad, is so unreasonably severe, that the court should make almost any intendment to get over it. The action of *assumpsit* is now so liberally used, that where an entire contract is made to pay money by instalments, or to do several things at different times, this action may be brought as

(a) 2 *Saund.* 169.         (b) 2 *Salk.* 662.

soon as the contract is broken in any respect; and although some doubt seems to be expressed by Lord *Loughborough* in *Rudder* v. *Price* (*a*), whether the whole sum may be recovered upon default of paying the first instalment, yet it was expressly so ruled in *Beckwith* v. *Nott* (*b*); and in *Milles* v. *Milles* (*c*), where the whole sum was given in damages, the court, to support the judgment, said they would intend that the damages were given only for the first breach. Here the contract is stated to be entire, to pay the eight hundred dollars, *and* to provide a lodging room. Not finding a room, was a breach of the contract, which entitled us to the action at once, although the money had not become due; and the court will presume that the damages were given for this breach only. If however, as is said in some of the cases cited in *Rudder* v. *Price*, the contract is extinguished by the judgment in the action for the first breach, then we were entitled to damages for the whole matter in the second count, and an intendment that they were given for the whole, does us no harm. The contract being entire, the plaintiff could not have laid the part only that was broken, without being subject to a nonsuit; and if he is defeated by laying the whole, it follows, contrary to all authority, that he could bring no action, until the contract was broken in every part. But further, the defect in the count, if any, is cured by the verdict. The court might have listened to the objection upon a demurrer; but after verdict, every legal intendment is to be admitted in its support. *Weston* v. *Mason* (*d*), *Roe* v. *Haugh* (*e*), *Bayard* v. *Malcolm* (*f*), 1 *Crompt. Prac.* 499. 2 *Tidd* 826. It does not appear at what time the year was to commence, although the contract was made in *July* 1805. The plaintiff is stated to have already at that time undertaken the defendant's brewery; and it may well be intended, that the year was to run from a previous day, to wit, the day of his undertaking; and as the issue was such as to require proof on the trial that the annual payment was due, the court must presume after the verdict, that such proof was given. 1 *Saund.* 228 *a. Bayard* v. *Malcolm* (*g*). But if from the mode of laying the annuity, nothing could be recovered on

---

(*a*) 1 *H. Black.* 547.　　(*d*) 3 *Burr.* 1725.　　(*g*) 2 *Johnson* 456.
(*b*) *Cro. Jac.* 504.　　(*e*) 1 *Salk.* 29.
(*c*) *Cro. Car.* 241.　　(*f*) 2 *Johnson* 554.

that account in this action, then as the count clearly contains a good cause of action, the court will presume that the jury gave damages for the actionable matter only. *Steele* v. *Lock Navigation* (a). The defect moreover is cured by the 6th section of the act of 21st *March* 1806, 7 *St. Laws* 562.

*Ingersoll in reply.* The cases of *Rudder* v. *Price,* *Beckwith* v. *Nott,* and *Milles* v. *Milles,* do not in any manner touch the point in controversy. The question is not whether *assumpsit* does not lie upon the breach of a simple contract in any respect, nor whether the plaintiff is not bound to state his whole contract; but whether when he states, and claims damages for a breach of the contract in a particular in which, by his own shewing, it could not have been broken when the action was brought, a general verdict must not be intended to include damages for the whole matter, both that which accrued before, and that which, if at all, accrued after. And there is not a case to the contrary. All the authorities cited by *Serjeant Williams* in 2 *Saund.* 171 *c.* are express to the point, and that a judgment in such a case is erroneous. The court will intend after verdict, what is necessary to supply a title defectively stated; but where no title whatever is stated, *à fortiori* where the plaintiff's title is negatived by himself, no intendment is made, because it would be either contrary to the record, or would be the very foundation of his action; and it does not appear, that that part of the contract which was to be performed after the action brought, was not performed punctually by the defendant, notwithstanding the jury have given damages for the breach of it. The act of 21st *March* 1806 goes no further than to allow amendments during the trial; in the Common Pleas, it is not held to authorize them after the jury is sworn. [TILGHMAN C. J. I have allowed amendments under that act after the jury were sworn. BRACKENRIDGE J. I have done the same.] So I understand the practice in this court to have been. But the act amends informality merely, not substance; and leaves the matter of error as it stood before.

TILGHMAN C. J. delivered judgment.

The error assigned in this case appears on the face of the

(a) 1 *Johnson* 283.

declaration. There are seven counts, to only one of which, (the second) an objection is made. In this count it is stated that on the 8th *July* 1805, the plaintiff, at the request of the defendant, had undertaken and did superintend the defendant's brewery, and did instruct the defendant's son in the art of brewing, in consideration whereof the defendant promised to pay him the sum of eight hundred dollars per annum, and to provide for the said plaintiff a convenient lodging room with bed, bedding and fuel, at the cost and expense of the said defendant; and although the plaintiff did perform, and was ready and willing to perform, his promises and undertakings, yet the defendant had broken his assumption in this, that he had not paid to the plaintiff the said sum of eight hundred dollars nor any part thereof, nor had he accommodated the plaintiff with a convenient lodging room, with bed, bedding and fuel as aforesaid. This action was brought to *March* term 1806. The exception is, that by the plaintiff's own shewing, the sum of eight hundred dollars was not due, till after the action brought, and yet he has recovered damages for the nonpayment of it. On the other hand, the plaintiff contends, that although the damages were assessed generally, yet in as much as this count contains a good cause of action, independent of the eight hundred dollars, viz. the not finding him a room, with bed, &c. it shall be intended that the damages were given only for those things for which there was cause of action at the time the suit was commenced. We are always anxious to support a verdict on the merits of the case, and have examined the authorities which were cited on the argument, with a wish to affirm the judgment if possible. But we find them too strong to be got over. It has been said in general, that where a count contains matter of various kinds, some good, some bad, it shall be intended that the damages were given only for what was good. But many errors arise from the application of general sayings to particular cases, to which they are not adapted. The dictum which I have mentioned, is applicable to actions of slander, for a special reason. A case is mentioned in 10 *Co.* 130. where an action was brought for calling a man an errant knave, a cozener, and a traitor. The action was supported after verdict for the plaintiff, because altogether it is but one

scandal, the words being all spoken at one and the same time. In such a case the plaintiff is obliged to lay the words as spoken, and it shall be intended that the jury paid no regard to any but the actionable words. This principle is adopted, and more fully explained, in the case of *Lloyd* v. *Morris.* (*Willes' Rep.* 443.) There, the words were " you are a pick-" pocket and murderer; you stole a guinea from *A; you killed* " *his cattle*, and murdered his child." The charge of killing cattle is not actionable; but the court said, it was necessary for the jury to find the defendant guilty of the whole or none; and if judgment must be arrested, a man, by speaking words not actionable and words actionable together, will secure himself from an action. But we shall find the law to be very different, where the plaintiff introduces into his declaration, matter for which, on his own shewing, there was no cause of action, and which he had no occasion to introduce. Such was the case of *Poles* v. *Osborne*, cited 10 *Co.* 130. *b.* It was an action of trespass for breaking the plaintiff's close, and *beating his servant*, without adding *per quod servitium amisit.* The breaking of the close was a good cause of action; yet the judgment was arrested, after verdict and entire damages assessed. The case of *Clifford*, is also cited in 10 *Co.* 130. *b. Clifford* brought a writ of *ejectione custodiæ terræ et hæredis.* Damages were assessed generally, and the judgment would have been arrested, because an action did not lie for the custody of an heir, but the plaintiff released *all the damages*, and took judgment of the ejectment of the land only. These cases prove that the court cannot legally presume that the damages were given only for that matter which was actionable. It is unnecessary to cite other authorities, though many might be produced in support of the same principle. In the case before us, the plaintiff was obliged to set out the whole contract; but he was not obliged to assign as a breach the nonpayment of money, which from his own shewing could not be due. We must take for granted that the jury gave some, if not the whole, of that money in damages. We are therefore of opinion that the judgment was erroneous, and must be reversed.

<div align="center">

*Judgment reversed.*