1817.

*Philadelphia.*                    M'LAUGHLIN *against* PARKER.

*Monday,*                              IN ERROR.
April 7.
                          ERROR to the Common Pleas of *Philadelphia* county.
If on appeal
from a justice,
the cause of        This was an action brought by *Parker* against *M'Laughlin,*
action be laid
in the narr. on before a justice of the peace, in which judgment was given
a day subse-  by the justice in favour of the plaintiff, for 85 dollars and five
quent to the
commence-     cents, and costs, on the 13th *October*, 1813. The defendant
ment of the
suit before the appealed to the Court of Common Pleas. The plaintiff filed
justice, it is a declaration, in which he laid an assumption of the defend-
error.
              ant on the 16th *November*, 1813. A verdict and judgment
were obtained by the plaintiff, and it was now assigned for
error, that the cause of action laid in the declaration, was
subsequent to the time of commencing the suit before the
justice.

   *Delany*, for the plaintiff in error.

   *J. R. Ingersoll*, contra.

   TILGHMAN C. J. It is painful to reverse judgments on
points which may be foreign to the merits; but when errors
stare us in the face, a reversal is unavoidable. If this action
was really commenced before the debt was due, justice would
require that it should be dismissed, with costs to the defend-
ant. But I am afraid the assumption has been laid wrong,
through inadvertence. Should this be the case, I can only
express my regret for the accident. As there seems to have
been some doubt among the attornies of the Common Pleas,
it is proper they should understand it to be our opinion, that
the appeal is no more than a continuation of the action com-
menced before the justice; that the same cause of action,
and no other, must be prosecuted, on the appeal, and that, in
order to support the judgment in the Common Pleas, the
declaration must state a cause of action which accrued prior
to the commencement of the suit, before the justice. These
principles were established, in the case of *Owen* v. *Shelha-*

*mer,* 3 *Binn.* 45. *Moore* v. *Wait,* 1 *Binn.* 219. and *Gordon* v.
*Kennedy,* 2 *Binn.* 287. I am of opinion that the judgment
should be reversed.

1817.

M'LAUGHLIN
*v.*
PARKER.

GIBSON J. concurred.

DUNCAN J. concurred.

Judgment reversed.