Per Curiam.
One of the errors assigned in this case is, that the cause of action in which the plaintiff recovered, is subsequent to the time when he commenced his suit before the justice. I know not how this exception is to be answered. It appears by the plaintiff’s own showing, that when he commenced his action, the services for which he recovered in the Common Pleas, had not been performed. It is said by the plaintiff, that in contracts of this kind, the day laid in the declaration is not material. And that is true, provided it be laid, before the commencement of the action.. But if after, it is very material. The point has been expressly decided in three cases, cited by the counsel for the defendant; (Stewart v. M'Bride, 1 Serg. & Rawle, 202. Miller v. Ralston, 1 Serg. & Rawle, 309. and M‘Laughlin v. Parker, 3 Serg. & Rawle, 144.) It must therefore be considered as settled, and we can only express our regret, as we have done on similar occasions, that the judgment should be reversed, for what was probably only the slip of the clerk who drew the statement. There were several other questions argued, relative to costs, whieh it is unnecessary to decide, as it is the opinion of the court, that the judgment should be reversed.
Judgment reversed.1