## Camp *against* Bank of Owego.

The endorsee of a promissory note may maintain an action of debt against the maker, and recover upon a statement of his cause of action. But the statement must contain an averment of the endorsement of the note by the payee to the plaintiff: without such averment, a judgment upon it would be erroneous.

The entry of a rule of arbitration, does not take the cause out of court, or deprive it of its jurisdiction. This effect cannot be produced, except by the appointment of the arbitrators, and the commitment of the case to them. A mere rule, not acted on, may be treated as a nullity by either party.

*Sed secus* as to a rule of *reference.*

ERROR to the common pleas of *Luzerne* county.

Bank of Owego, endorsee of James Pompelly and others, against

[Camp v. Bank of Owego.]

Henry W. Camp, This was an action of debt, in which the plaintiff filed the following statement:

The plaintiff's demand in this case is founded on a promissory note, dated March 30, 1838, for the sum of 669 dollars and 83 cents, with interest from June 30, 1838, in the words and figures following, to wit:

" Three months after date, I promise to pay to the order of James Pompelly, Latham A. Burrows, Jonathan Platt, William A. Ely, George J. Pompelly, and Thomas Forrington, 669 dollars and 83 cents, at the bank of Owego, for value received. Dated March 30, 1838.

" $669 83.                    (Signed) Henry W. Camp."

And the plaintiff by her attorney avers, that there has been no payment made on the said note. The plaintiff's demand, therefore, in this action, is for the sum of 669 dollars and 83 cents, with interest from the 30th day of June 1838. All of which the said plaintiff, by her attorney, avers, as she believes, to be justly due from the defendant to her."

On November 4, 1839, the defendant entered a rule to arbitrate, upon which no action was had. On January 13, 1840, judgment was entered in open court, for want of an affidavit of defence: to reverse which, this writ of error was sued out, and the following errors were assigned:

1. An endorsee cannot maintain an action of debt against the maker.

2. The statement contains no averment of the plaintiff's title.

3. The judgment was entered after a rule to arbitrate was entered.

*Wurtz* and *M'Clintock*, for plaintiff in error, cited 1 *Chit. Pl.* 94; 1 *Rawle* 347; *Str. Purd. Dig.* 226.

*Woodward*, for defendant in error, cited *Chit. on Bills.*

The opinion of the court was delivered by

Rogers, J.—It was for some time doubted whether, in respect of the want of privity between the parties, an endorsee could support an action of debt against the drawer of a bill, or maker of a note. It has been ruled, that the action may be supported by the payee of a promissory note against the maker, when expressed to be for value received, or by the drawer against the acceptor of a bill, expressed to be for value received in goods, and by the payee of a foreign or inland bill of exchange, expressed to be for value received, against the drawer, and by the first endorsee against the first endorser, who was also the drawer of a bill payable to his own order. 2 *Bos. & Pul.* 78; 1 *B. & C.* 674; 3 *Serg. & Rawle* 165; 3 *Price* 251.

But in Bishop *v.* Young, 2 *Bos.* & *Pul.* 81, the court intimated a doubt, whether debt would lie where the action was brought by any other person than him to whom the note was originally given,

or against any other person than him by whom it was signed and made, or if the note itself did not express a consideration upon the face of it.   Notwithstanding the doubt here expressed, the better opinion seems now to 'be, that such an action will lie.   All the authorities bearing on this point are collected in *Chitty on Bills* 672. The learned author observes in the note, that perhaps the action might be sustainable by the payee of a bill of exchange against the acceptor; first, because, with respect of privity of contract, it has been holden, that if one deliver money to another, to pay over to a third person, the *cestui que trust* may sustain an action of debt against the bailee to recover it.   And the acceptance of a bill amounts to a promise in law to pay the amount of it to the person in whose favour it is drawn; and secondly, because an acceptance is not a collateral engagement, but the acceptór is primarily liable; and lastly, because, when the common law, or custom, raises a duty, debt lies for it.   The statute 3 and 4 *Ann*, puts promissory notes on the same footing as inland bills of exchange, and when endorsed, they are strictly analogous to bills of exchange.   The endorser resembles the drawer, the maker the acceptor, and the endorseṭ the payee of a bill.   Most, therefore, if not all, the reasons assigned in the case of a suit against the acceptor, apply with equal force to an action by the endorsee against the maker.   The maker, as the acceptor, is primarily liable; making the note amount to a promise in law, to pay it not only to the payee, but to the holder or endorsee, and a duty is raised, for which debt lies.   As *indebitatus assumpsit* will in such case lie, as a general rule debt will also lie.   But conceding that this is not the proper remedy in other states, yet there is no difficulty in sustaining this action in Pennsylvania.   By the act of March 21, 1806, the action of debt is expressly given in all cases of debt due by bond, note, book account, rent, damages, or assumptión.   The same act authorizes a statement instead of a declaration, and it has been generally supposed that debt will lie in all cases where a statement may be filed.   The design of the legislature was to dispense with form, as to any technical distinction, in the action to receive money, whether debt, or case, as well as to the formalities, required in a declaration.   As it is the duty of the court to give the act a fair and liberal construction, it is pretty clear that a suit by an endorsee against the maker can be viewed in no other light than an action to recover a debt, founded either on an assumption, a valid promise, or on a note; this brings it within the words and the obvious intention of the legislature.

But although the act was evidently designed to do away with form, yet substance cannot be altogether disregarded when the party pursues this remedy.   Here the suit is brought by the plaintiff as endorsee, and it is necessary for the bank to exhibit a title to the note; but, instead of this, the statement shows the title in the payees, or original parties, to the note.   The statement sets out the note *in hæc verba:* " Three months after date I promise to pay to

[Camp v. Bank of Owego.]

the order of James Pompelly, &c., 669 dollars and 83 cents, at the bank of Owego, for value received." Signed by Henry W. Camp. But it omits to aver, what is material, that the note, which is payable to order, was endorsed: without which, it still remains the property of the payees. A recovery on this judgment would not protect the defendant against a suit by the payees, provided the note had not been transferred. On this ground the judgment is erroneous.

One more point remains to be noticed; that is, whether after the entry of a rule to arbitrate, a judgment by default can be rendered, without striking off the rule. The case of The Mechanics' Bank *v.* Fisher, 1 *Rawle* 347, differs from this; but in delivering the opinion of the court, Mr Justice Smith alluded to the case of Landis *v.* Bigler, which has not been reported. There, as is said, a rule to arbitrate had been taken out, but not acted on, but still remained on record; and the case being afterwards tried, and a verdict and judgment rendered for the plaintiff, this court, on error, reversed the judgment, declaring the law to be, that whilst the rule to arbitrate remains the cause was out of court. It is to be regretted that the facts of the case are not known, as it is believed there was something more in it than is here stated. It is not recollected by any member of the court, that the broad principle has ever been asserted, that while a rule to arbitrate remains on the record, the cause was out of court. It never has been held, that the entry of a rule of reference, wherein the party declares his determination to have arbitrators chosen, deprives the court of jurisdiction. This effect cannot be produced until after the arbitrators are chosen, and the cause is committed to another tribunal of the parties' own choosing. If no step has been taken except to enter the rule, and the time has gone by when the arbitrators are to be chosen, there is nothing to prevent either party from treating it as a nullity, as it appears on the record itself, that the attempt to arbitrate has proved abortive. The case would be materially different, if the cause was out of court, on reference; for in such case the party is entitled to an opportunity of showing the state of the facts, on a rule to show cause why the reference should not be stricken off.

Judgment reversed, and a *venire de novo* awarded.