# In the Court of Common Pleas of Schuylkill County.

## HUMMEL AND WIFE *v.* JESSE FOSTER.

Opinion delivered Sept. 7, 1874, by

GREEN, J.   This is a motion to strike off a rule of reference, upon the ground that the arbitrators had no  meeting even for purpose of adjournment at the time fixed, and  that therefore any subsequent proceedings by them were *ultra vires*.   The facts of the case appear to be undisputed.

Upon the day and hour fixed  for the meeting, to wit : Friday,  the 24th day of July, 1874, at  3 p. m., the attorneys of both  parties were present but none of the arbitrators appeared.   The defendant's attorney, waiting until 4 p. m., went away, and then one of the arbitrators shortly afterwards appearing, he continued the  case until the 31st.

The question arises could any subsequent meeting of the  arbitrators or of one of them even for the purpose of adjournment  be of any validity without the assent of  the parties.

It has been already decided in Weir v. Johnson, 2 S. & R.  459, that "if arbitrators do not meet on the day appointed, their  proceeding afterwards is irregular, unless the defendant  appear  or consent to  their proceeding."    But the  Act of Assembly requires not  only the  day of the meeting of the arbitrators to be fixed, but also the hour, and it must follow that if they do not meet  at or at  least within  the hour  appointed, their proceedings would  be irregular, unless  made valid  by the appearance or consent of the parties.    See  Purdon's Dig. Vol.  1, p 83, pl. 42.

Nor is the exclusive jurisdiction which arbitrators have over a case after it has once been committed to them, infringed upon by the  present motion to strike off the rule of reference—for after allowing  the time to pass

by without meeting, their jurisdiction ceases, and their right to proceed and determine has come to an end.   If the parties do not consent then to proceed, the remedy is to have the rule of reference stricken off by the Court, and proceed *de novo.*

Our Rules of Court provide for the striking off of the rule of reference by the Prothonotary under such circumstances at the instance of either party.   See Rule 4, page 6.   The jurisdiction of the arbitrators has ceased, and that of the Court is restored again.   Where a question arises whether under the facts of a case the jurisdiction of the arbitrators has determined or whether it still attaches, it is for the Court to decide such question.   The cases bearing upon this point are Campbell v. Bank of Oswego 10 Watts 133, and Thompson v. White, 4 S. & R. 134.

The motion to strike off the rule of reference is made absolute, at the cost of the plaintiff.