# HAMLIN, HALE & CO.

*v.*

## ALBERT S. RACE.

1. MASTER AND SERVANT—*the latter should be respectful and obedient.* Where a party is employed by another, he must, in his intercourse with his employer, and those having control of his business, and with those doing business with such employer, abstain from all vulgarity and obscenity of language and conduct, and must be respectful and obedient to all reasonable commands of his employer, and those having control of his business.

2. A failure in any of these requirements by a salesman in a store, would be ground for discharging him before his term of employment expires.

3. ACTION *to recover installments—measure of damages.* On a contract for the payment of money in installments, assumpsit will usually lie to recover each installment as it falls due, without waiting for the last to mature.

4. But where a suit is brought on such a contract, the plaintiff can only recover the amount that was due at the time the suit was brought, although at the time of the trial all the installments may have matured.

5. Where a plaintiff has been employed by the defendant for one year, at a specified salary, payable in monthly installments, and before the year expired he was discharged, and afterwards, and before the end of his term, he brought suit, claiming that the contract was still in force, and that he was and had been ready and willing to perform, it was *held,* that he could only recover for the installments that had matured at the time the suit was brought, notwithstanding the term had expired before the cause was tried.

6. If, when he was discharged, he had terminated the agreement, and sued on the breach of the contract, and the cause was not tried until the term had expired, and it had then appeared that he had been unable to procure employment during the time, it may be that he could have recovered for all the damage he had sustained during the term by the breach of the contract.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. ALEXANDER S. BRADLEY, for the appellants.

Mr. DAVID S. PRIDE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee was employed on the first of January, 1873, by Hamlin, Hale & Co., as a salesman in their store, for one year, at a salary of $1020, in monthly installments of $85. They, on the 23d of June following, dismissed him from their service, when they offered to pay him the amount that was due him to that date, which he declined to receive, and on the 6th of the following August brought this suit, to recover the balance for the full year, and on a trial in the court below recovered the full amount.

The declaration was in assumpsit, and contains a special count, with the usual common counts. The plea of the general issue was filed, and on the trial the defense relied on was, that appellee was discharged for good and sufficient cause. It is contended that appellee was insolent to his employers, and coarse and vulgar in his conduct, to such an extent as fully justified appellants in discharging him. This was a question of fact for the determination of the jury. All will at once concede that an employee must be respectful, and obedient to all reasonable commands of his employers, and those having control of the business in which he is employed; and no one will dispute that a person so employed, when engaged in the discharge of his business, and in his intercourse with customers and persons transacting business with the house and with his employers, and those having charge of the business, must be respectful, and must abstain from all vulgarity and obscenity of language and conduct. If wanting in any of these requirements, it would be grounds for discharging a salesman in a store from his employment.

But the question raised and pressed on our consideration is, as to the measure for the recovery of damages in the case, appellants contending that appellee was, in no event, on the pleadings in the case, entitled to recover more than was due at the time he brought his suit; that, under the pleadings, he can not recover for the monthly installments, or any of them,

which accrued after the suit was brought. On the other hand it is urged, that, as the year for which appellee was engaged had fully expired before the suit was tried, he was entitled to recover the unpaid balance of the $1020 which appellants had agreed to pay him.

Appellants contend, that, inasmuch as appellee did not, when he was discharged, terminate the contract or elect to so treat it, but, on the contrary, considered it as still subsisting, and was ready and willing to perform it in full, if required, he can only claim as damages in this suit the amount that would have been due him at the time the suit was commenced, had he continued in the employment of appellants; that if he desired to recover damages beyond that sum, he should, when discharged, have notified appellants that, as they had chosen to terminate the contract, he would treat it as rescinded, and hold them for all damages he had sustained by their terminating the agreement.

This precise question, in the shape now presented to the court, has never been passed upon by us, although analogous questions may have been.

The law is well settled, that, on a contract for the payment of money by installments, assumpsit will usually lie to recover each installment as it falls due, without waiting for the last to mature. 1 Chit. Pl. 116. Here was a sum of money to be paid by monthly installments; and there can be no doubt that appellee, at the end of each month, could have sued for and recovered for the installment which accrued and became due at that time. But it is equally well settled that a party can not, when he sues for an installment which is due, recover for installments not due when the suit was brought. And where the declaration showed, by its averments, that a recovery of installments not due was claimed, and there was a general verdict, the courts considered it ground for arresting the judgment, because the plaintiff was not entitled to recover for the portion claimed in the declaration, which was not due at the institution of the suit. If it were necessary

to cite authorities on so simple and well settled a proposition, we might refer to note 1, to the case of *Hambleton* v. *Veere*, 2 Saund. R. 171 a and b, and the cases therein cited ; *Gordan* v. *Kennedy*, 2 Binn. 287, and the authorities there referred to by the court.

We had supposed no rule was more inflexible or better established than that a plaintiff can not recover for money not due at the institution of the suit.        *Gordan* v. *Kennedy, supra;* 1 Chit. Pl. 372 ; *Cunningham* v. *Morrell*, 20 J. R. 203 ; *Mc-Lure* v. *Rush*, 9 Dana, 64 ; *Allen* v. *Sanders*, 7 B. Monr. 593 ; *Kettle* v. *Harvey*, 21 Verm. 301 ; *Lord* v. *Belknap*, 1 Cush. 279 ; and *Tompkins* v. *Elliott*, 5 Wend. 496.        If this rule could be seriously questioned, other cases could be referred to as establishing the rule ; but, to our minds, it requires no authority, as it is based upon principles obviously just.

If, then, a party can not sue for and recover a debt or claim before it is due, why should he do, indirectly, the same thing by suing for a small part when due, and recovering a greater and more substantial part accruing after the suit has been brought ?        The law never permits that to be done indirectly which it prohibits from being done directly.        To permit the recovery of the sums falling due after suit brought, would be an evasion of the rule that the cause of action must be complete when suit is brought.        It would be without analogy to any rule of law which now occurs to us.        In the case of *Crabtree* v. *Hagenbaugh*, 25 Ill. 233, it was said, that where a party sued for the breach of an independent portion of a contract, he might recover for its breach, though his recovery would be limited to the damages sustained at the time the suit was commenced.        We have no hesitation in holding that appellee was only entitled to recover for the amount that would have been due had he continued in the service of appellants at the time the suit was instituted, and the court below erred in admitting evidence of the installments that would have matured afterwards.

Suppose that, after the suit had been brought, appellants

had demanded of appellee the fulfillment of his part of the contract, and he had refused them, what would have been the measure of damages? Obviously not more than the wages which had accrued up to the time of the demand. Then why permit a recovery beyond the damages sustained when suit was brought? Or, suppose a trial had been had ten or fifteen days after suit was brought, and the same damages as were recovered in this case had been allowed, and after the recovery appellants had demanded of appellee to go on and perform his contract, and he had refused, would appellants have been compelled to sue and recover the amount back? Yet such a thing might occur, when the plaintiff is still insisting upon being allowed to perform his part of the agreement. Such a state of things would be an anomaly. If he insists upon going on with his part of the agreement, he should sue when each installment occurs, or wait till the end of the time, and sue for the whole.

At common law it was a ground of arrest to claim such installments in the declaration; so it is a ground requiring the granting of a new trial, to permit proof of the same, unless it is apparent that it was not considered by the jury, and was excluded from the verdict. But in this case it is manifest that the installments which were not due when appellee sued, entered into and formed much the greater portion of the finding.

Had appellee, when discharged, terminated the agreement, and then sued on the breach of the contract, it may be that a different rule might have prevailed. Then, the cause of action would have been the breach, and it would have been averred that the contract was at an end, and that plaintiff had been thrown out of employment, whereby he had sustained damage, etc. In such a case, it may be that he could have recovered for all the damage he sustained during the year by the breach of the contract, if the trial was had after its expiration. In such a case, the damage would have continued had he been unable to procure employment during the time; but

the suit here is not for a breach of the entire contract, and abandoned by appellee, but, on the contrary, he avers that he insisted upon its performance during the remainder of the year.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*