The County of Sullivan *v.* Frank Middendorf, James K. Farrell, John Biddle, Ramsom Thrasher and J. W. Carroll, Appellants.

*Practice, C. P.—Pleading—Cause of action limited by declaration.*

A judgment for the plaintiff is based on the right of action set forth in the declaration and cannot be extended beyond it; if the declaration lacks the essentials of a cause of action, in matters of substance, judgment for want of a sufficient affidavit of defense will be reversed; and such defect will be fatal also in arrest of judgment or on error.

*Public officers—Tax collector—Limit of liability of surety—Statutes.*

A tax collector elected for three years under the Act of June 6, 1893, P. L. 333, must renew his bond annually. The statement alleged an election on April 1, 1894, and declared on a bond given in 1894, conditioned that the collector "shall well and truly collect and pay over according to law the whole amount of taxes charged and assessed in the duplicate which shall be delivered to him;" it also assigned failure to account for certain taxes charged in the duplicates for 1894, and also other taxes charged in the duplicates for 1895. *Held*, reversing the court below, that judgment could only be entered for 1894 taxes. The liability on the bond is limited to the taxes for the current year.

Argued Feb. 17, 1898. Appeal, No. 31, Feb. T., 1898, by James K. Farrell et al., from order of C. P. Sullivan Co., Feb. T., 1897, No. 83, discharging rule to open judgment. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Reversed.

Assumpsit on bond of tax collector. Before DUNHAM, P. J.

It appears from the record that the defendant, Middendorf, was elected tax collector for Cherry township for the year beginning April 1, 1894, and before entering upon the duties of his office he gave a bond in due form of law in the sum of $15,000 with the other defendants as sureties. On the 10th of

February, 1897, suit was brought upon this bond at the suggestion and to the use of Cherry school district. Judgment was taken in the prothonotary's office against the sureties on the said bond in the sum of $762.27, which sum embraced not only the defaults of Middendorf as collector for the year 1894, but also included all defaults and shortages, upon the duplicates placed in his hands for the year 1895. The sureties upon the bond made application to the court below praying that the judgment might be opened and modified. This motion being refused the sureties appealed.

*Errors assigned* were (1) entering judgment against the sureties for the default of the collector of taxes for the year 1895. (2) In refusing to modify the judgment.

*J. G. Scouten*, for appellants.—The bond in question was given for the year 1894, and cannot afford protection to the county of Sullivan upon tax duplicates for the year 1895 : Com. v. Baynton, 4 Dallas, 282.

*T. J. Ingham*, with him *A. J. Bradley* and *F. H. Ingham*, for appellees.

OPINION BY SMITH, J., March 21, 1898 :

A judgment for the plaintiff is based on the right of action set forth in the declaration, and cannot be extended beyond it. This is an elementary principle, illustrated in a long line of cases, from Gordon v. Kennedy, 2 Binn. 287, to Acme Co. v. Reed, 181 Pa. 382. If the declaration lacks the essentials of a cause of action, in matters of substance, judgment for want of an affidavit or of a sufficient affidavit of defense will be reversed : Camp v. Bank, 10 Watts, 130 ; Gould v. Gage, 118 Pa. 559 ; Acme Co. v. Reed, supra. And such defect will be fatal also in arrest of judgment or on error : Gordon v. Kennedy, supra ; Clay v. Irvine, 4 W. & S. 232 ; Maher v. Ashmead, 30 Pa. 344.

In the present case the plaintiff's right to judgment must be tested by the cause of action as set forth in the declaration. It is based on the bond of the defendant Middendorf, as collector of taxes, and his default in not accounting for a portion of the

taxes collected. If this default is a breach of the condition of the bond, a good cause of action is shown. But so far as it may lie beyond the scope of the condition, it presents no cause of action. The Act of June 6, 1893, P. L. 333, directs that on the third Tuesday of February following, and triennially thereafter, tax collectors shall be elected, who shall serve for the term of three years, and shall give a bond annually, to be approved by the court. The defendant Middendorf was elected in 1894. His bond, upon which this action is brought, recited that he had been " duly elected, for three years, commencing April 1, 1894," and its condition provides that the obligation shall be void if he " shall well and truly collect and pay over or account for according to law the whole amount of taxes charged and assessed in the duplicates which shall be delivered to him." The declaration assigns, as breach of this condition, a failure to pay or account for $157.40 of the taxes charged in the duplicates for 1894, and $523.02 of the taxes charged in the duplicates for 1895. Judgment for the amount thus claimed, with interest, was entered for want of an affidavit of defense. It is contended that the plaintiff was entitled to such judgment, on the ground that the condition of the bond required the collector to account for the taxes charged in the duplicates delivered to him.

We cannot regard this as the true measure of the obligation imposed on the defendants. The act of 1893 requires the collector to give a bond annually. By plain implication, this limits the liability on each bond to the taxes of the current year. There is nothing in the recital that the collector had been duly elected for three years to extend this liability beyond the year for which the bond was given. It had no greater effect than if it merely recited that he had been duly elected, since the law fixed his term at three years; it would be equally appropriate in a bond for the last year of the term. The condition does not require him to account for the taxes collected during those three years. Had it done this, in express terms, the bond would undoubtedly have been good to that extent as a voluntary obligation, though beyond the requirements of the law: Walters' Appeal, 10 W. N. C. 146; Castor's Appeal, 2 Penny. 337. The condition, however, followed the statute, and as a renewal of the bond each year is required by law, it must be construed as embracing only the

duplicates of the year for which the bond was given. This is the general rule relating to these obligations : Com. v. West, 1 Rawle, 29 ; Savings Loan Co. v. Hall Association, 48 Pa. 446 ; Bank v. Yard, 143 Pa. 129 ; Com. v. Stambaugh, 164 Pa. 437.

It is obvious, therefore, that as to the taxes of 1895 the declaration sets forth no cause of action, and that the judgment, so far as it embraces those taxes, was erroneous. The plaintiff was entitled only to a judgment for the breach of the condition of the bond for the taxes of 1894. As to this the declaration avers a failure to account for $157.40, and for this amount, with interest from January 20, 1895, the judgment should have been entered.

Judgment reversed, and judgment is now entered for the plaintiff and against the defendants, as of October 2, 1897, for $182.88, the costs that have been made thereafter to be paid by the appellee.