ALBERT COOK and B. C. BROWNELL

*v.*

JAMES R. YARWOOD.

1.  PLEA IN ABATEMENT— *requisites of the affidavit in support thereof.*  It is not essential that the affidavit in support of a plea in abatement should be entitled in the cause, when the plea, which is properly entitled, and the affidavit, are written upon the same piece of paper, and the paper shows upon its face to what suit it belongs.

2.  SAME—*plea in abatement filed after another in abatement.*  After defendant has filed a plea in abatement of the action, which has been disposed of by the court, it is irregular to file another plea of the same character, and it may be stricken from the files.

APPEAL from the Circuit Court of De Kalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

This was an action of assumpsit, brought by James R. Yarwood, in the court of Common Pleas of the city of Elgin, in Kane county, in which a writ of attachment was sued out against Albert Cook and B. C. Brownell.  A declaration, in the usual form, was filed.

The venue of the cause was afterward changed to De Kalb county.  Cook then filed a plea in abatement, which the court, on motion, struck from the files.  Brownell also filed a plea in

abatement of misnomer, and misjoinder and nonjoinder of parties. Cook filed another plea in abatement, similar to his first, except it obviated the objections taken to the former. The court, on motion, also struck this plea from the files.

Cook thereupon filed the general issue, upon which a trial was had by the court and a jury, resulting in a verdict in favor of plaintiff for $210. Defendants entered a motion for a new trial, which being overruled, judgment was rendered on the verdict; to reverse which, defendants prosecute an appeal and bring the record to this court.

Mr. CHAS. WHEATON, for the appellants.

Mr. SILVANUS WILCOX, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, commenced by James R. Yarwood, in the Court of Common Pleas of the city of Elgin, at the January Term, 1864, against Albert Cook and B. C. Brownell. An affidavit was filed, stating that defendants are indebted to plaintiff in the sum of $350 for work and labor, and that Brownell is a non-resident of the State, and that defendants are about to remove their personal property from this State to the injury of plaintiff. A writ of attachment was issued and levied on the property of defendants. A declaration was filed in assumpsit on the common counts.

Before any general appearance was entered by Cook, he filed the following plea in abatement:

*Court of Common Pleas of the City of Elgin, January Term, A. D. 1864.*

STATE OF ILLINOIS, KANE COUNTY, CITY OF ELGIN, } *ss.*

JAMES R. YARWOOD
       *v.* }
ALBERT COOK and B. C. BROWNELL.

And the said Albert Cook, defendant in this suit, by Wheaton, his attorney, comes and defends the wrong and injury, when,

etc., and prays judgment of the writ of attachment of the plaintiff in this suit, and that the same may be quashed, because he says that he, the said defendant, at the time of the commencement of this suit, and the suing out said writ of attachment by the said plaintiff, and the making and filing the affidavit in this suit for said writ of attachment was not about to remove his personal property from this State to the injury of the said plaintiff, and this he prays may be inquired of by the country, etc.

CHAS. WHEATON, <em>Att'y for Deft. Cook.</em>

STATE OF ILLINOIS, }
KANE COUNTY, CITY OF ELGIN, } *ss.*

Albert Cook, the above named defendant, being first duly sworn, on his oath says that the above plea is true in substance and matter of fact.

ALBERT COOK.

Subscribed and sworn to before me, }
  this 19th day of April, A. D. 1864. }

R. W. PADELFORD, *Clerk.*

The venue was afterward changed to the De Kalb Circuit Court. Brownell also filed a plea in abatement, of a misjoinder and non-joinder of parties. Plaintiff below moved the court to strike the plea in abatement filed by Cook, from the files, because the affidavit to the plea was insufficient. The court sustained the motion. Cook then, without leave, filed another plea in abatement, the same as the former, except, at the head of the affidavit was the title of the cause. On motion of plaintiff below, this plea was also stricken from the files. Cook then filed the general issue, and a trial was had before the court and a jury, resulting in a verdict in favor of plaintiff in the sum of $210. A motion for a new trial was entered and overruled, and judgment rendered on the verdict. And Cook brings the case to this court by appeal, and seeks to reverse the judgment on the ground that the court erred in striking his plea from the files.

The only objection urged to the plea, is that the affidavit supporting its truth, does not have at its head, the title of the cause. A plea in abatement must be certain to every intent in particular, and if it fails in this requirement, it is insufficient. The oath as embodied in the record, seems to have been on the same paper with the plea. The plea is properly entitled, of the court, the parties to the suit, with the venue of the suit, and the jurat follows under the plea. Affiant states " that the above plea is true in substance and in matter of fact." Then follows the clerk's file, in which he says, " Plea of Cook in abatement, April 19, 1864." From all of these circumstances, we are convinced that both were on one piece of paper, and it is embodied in the record as such.

The object of entitling all pleas, whether in abatement or in bar, as well as other papers, is that it may be certainly known to what case they properly belong. And when that unmistakably appears from the paper itself, the reason of the rule is answered. The title of the case and of the court appears at the head of this plea, with the jurat underwritten and referring to the plea. Had the name of the parties to the suit been referred to in the plea, it would have been no more certain than it is as presented in the record. We are, therefore, of the opinion, that this plea was sufficient and should not have been stricken from the files.

After a defendant has filed a plea in abatement in a cause, and that has been disposed of, the rules of practice preclude him from filing another of the same character. He may afterward file pleas in bar but not in abatement. Appellant, therefore, had no right to file an amended plea in abatement after the first was stricken from the files. The court below, then, committed no error in striking it from the files.

But, for the error in striking the first plea in abatement from files, the judgment must be reversed and the cause remanded, with leave to appellee to reply to that plea and for a new trial.

*Judgment reversed.*