## ALEXANDER ARCHIBALD

*v.*

## THOMAS M. ARGALL.

1. ACTION PREMATURELY BROUGHT—*whether bar or in abatement.* Where an action is prematurely brought, because of an agreement to extend the time of payment, which has not elapsed, that is matter in abatement only, not in bar of the action.

2. PLEA IN ABATEMENT—*time of pleading it.* After a plea in bar, it is too late to plead in abatement.

3. CONSIDERATION—*when it must be averred.* A plea that the action was prematurely brought, because of an agreement to extend the time of payment, which has not elapsed, should aver the consideration of the promise.

4. PROMISSORY NOTE—*whether in extinguishment of a precedent debt.* The mere giving of a promissory note does not, of itself, extinguish a precedent debt, whether it be an account or other demand. In such case it is a question of intention, which may be manifested either by an express agreement or by the attendant circumstances.

5. QUESTION OF LAW OR FACT. Whether a promissory note was given in satisfaction of a precedent debt, is a question of fact for a jury, not a question of law.

6. COLLATERAL SECURITY—*right to sue upon the principal debt.* Where a party holds a promissory note as collateral security for a debt, he is not bound to enforce the collection of the collateral, nor is he precluded from suing upon the principal debt, unless he has entered into a valid agreement to that effect.

APPEAL from the Circuit Court of Ford county; the Hon. A. J. GALLAGHER, Judge, presiding.

This was an action of assumpsit, brought by Thomas M. Argall against Alexander Archibald and William Stevenson, partners, to recover for goods, wares and merchandise sold and delivered by the plaintiff to the defendants. A trial resulted in a verdict and judgment for the plaintiff, from which the defendant, Archibald, appealed. The opinion of the court contains a statement of the grounds upon which error is assigned.

Messrs. ROFF & DOYLE, for the appellant.

Messrs. BLADES & KAY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is urged that the court below erred in sustaining the demurrer to appellant's second special plea. It avers that after the goods were purchased by Alexander Archibald and Stevenson, the former dissolved his connection with the firm, and his brother William took his place and agreed to take his interest in the goods, and pay Alexander's share of the firm debts, all of which the plaintiff knew, and after such knowledge, took from William the notes described in the first special plea, against the new firm, which notes plaintiff received as collateral to the account, and plaintiff then agreed to extend the time for the payment of the account until all the notes became due, and avers the notes are not due.

The ground relied upon as a defense in this plea is, that by a binding agreement, time for payment had been extended, and had not elapsed when the suit was brought. The matter stated in the plea is in abatement, and not in bar of the action. It is said in Chitty on Pleading, vol. 1 p. 453, that "pleas in abatement to the action of the writ, are, that the action is misconceived, as that it is in case when it ought to have been in trespass, or that it was prematurely brought; but as these matters are the ground of demurrer, or non-suit, it is now very unusual to plead them in abatement." A number of authorities are referred to in support of the rule, and the analogies of the law are clearly in its favor. And as the plea does not deny or confess and avoid the indebtedness, but simply avers the debt is not due under the agreement set forth, it could only be a plea in abatement, and according to familiar rules of pleading, it comes too late. Such a plea can not be interposed after a plea in bar, and such is the fact in this case. Again, there is no consideration stated in the plea to sustain the promise, and

to render it binding. It does not aver that time was extended in consideration that William Archibald should sign the note, or that anything was paid. It was, therefore, not error to sustain the demurrer to this plea.

We fail to find, from the evidence, that there was any agreement or understanding that time should be extended to Alexander Archibald. The only question fairly presented by the evidence in the case is, whether the notes were received in satisfaction of the account of the old firm. William Archibald and Stevenson swear that they were, while Hubbard, the agent of appellee, swears they were not so taken. That William proposed to give the notes of the new firm for the old account, which he declined. That William then proposed to give such a note with his father, or some other good security. That he then drew the notes and left them with William, who agreed to send them to witness at Lagrange, Indiana, but when sent they were not signed by his father or other security. That witness then enclosed them to appellee, in New York. From this evidence the court below could not have said there was an extension of time, and ordered a non-suit, had one been asked.

It is the established doctrine of this court that the mere giving of a note does not, of itself, extinguish a precedent debt, whether it be an account or other demand. *Rayburn* v. *Day*, 27 Ill. 46 ; *White* v. *Jones*, 38 Ill. 159. In such a case, it is a question of intention. It is true, the intention need not be manifested by an express agreement, but may be inferred from the circumstances attending the transaction, and it is a question for the jury. And in a case of conflict in the evidence, this court will rarely disturb the verdict, unless it is clear that the evidence is strongly against the finding. In this case, the evidence is not of that clear and satisfactory character which requires us to say the jury have failed to give it due weight in the conclusion at which they have arrived.

We now come to the consideration of the instructions of appellee, the giving of which is urged as error. They announce

the rule that the taking of the notes did not satisfy the account of the old firm, unless it was so agreed by the parties. We have seen that to release or discharge the antecedent debt, it should be so intended; and it is manifest that if such was the design of the parties, it was their agreement. If their minds met and were in accord on the fact that the notes should satisfy the account, then there was such an agreement, whatever the language employed. Such an agreement may be express, or it may be inferred from the attendant circumstances, and the instructions only announce this rule. The first of appellee's instructions is clear, and announces the rule that the agreement must appear from the express understanding of the parties, or the surrounding circumstances. And the same principle is announced in others.

It is also urged that the court erred in refusing to give the eighth, ninth, tenth and eleventh of Alexander Archibald's instructions. By the eighth, the court is asked to announce as a rule of law, that the fact that William took Alexander's place and the business was carried on in the name of the old firm, and the new firm gave their notes for the old firm's account in payment and settlement thereof, and they were accepted by plaintiff's agent, they should find for the defendant. The rule asked in this instruction was announced in the third. The ninth asks the court to instruct the jury that the transaction amounted to a satisfaction of the account. It would have been error for the court to so instruct the jury. Whether there was a satisfaction of the account, depended upon the intention of the parties, and that was a question of fact for the jury and not the court.

The tenth instruction was properly refused, as it does not announce a correct rule of law. A person holding collaterals as security for a debt, is not bound to sue upon them, nor is he prevented from suing on the debt, unless he has bound himself to do so by a valid agreement. This instruction assumes the reverse of this rule, and is incorrect. The principle announced in the eleventh instruction, had already been given to the jury

in other instructions, and the court was not required to repeat
it in this.   The judgment of the court below is affirmed.

*Judgment affirmed.*