McCoy et al. v. Babcock.

---

JAMES McCOY ET AL.

V.

ELIJAH C. BABCOCK.

1.  PROMISSORY NOTE—WHEN DUE—DAYS OF GRACE.—A promissory note, which by its terms becomes due on the first day of March, 1877, is, by virtue of the statute, entitled to days of grace, and the note is not due, for the purposes of instituting suit thereon, until the expiration of the last day of grace.   A plaintiff cannot recover for money not due at the institution of the suit,

McCoy et al. v. Babcock.

2. Practice—How objection may be taken advantage of.—A defendant is not required to raise the objection, that the note was not due at the time of commencement of the suit, by plea in abatement. The plaintiff must show an indebtedness at the time of bringing the suit, or he fails in his action.

3. Consolidation of claims.—The plaintiff holding two notes against the defendant, which when consolidated exceeded the jurisdiction of the justice; he could sue them separately before the same justice on the same day. Each note then constituted a separate demand. If the two notes when consolidated did not exceed the jurisdiction of the justice, then under the statute the plaintiff would be obliged to bring them both forward in one suit.

Appeal from the Circuit Court of Warren county; the Hon. Arthur A. Smith, Judge, presiding.

Mr. J. M. Kirkpatrick, for appellants; contended that the suit was prematurely brought, the notes not being due, and cited Hamlin et al. v. Race, 78 Ill. 422; Daniels v. Osborn, 71 Ill. 169.

That this objection could be made under the general issue, in a suit brought by appeal from a justice court: Minard v. Lawlor, 26 Ill. 302; Church v. Clark, 21 Pick. 310; Leftly v. Mills, 4 T. R. 170; Boston Bank v. Hodges, 9 Pick. 420; Staples v. Franklin Bank, 1 Met. 43; New England Bank v. Lewis, 2 Pick. 125; Henry v. Jones, 8 Mass. 453; Osborn v. Moncure, 3 Wend. 170; Walter v. Kirk, 14 Ill. 55; 1 Parsons on Notes, 410.

That conceding the jurisdiction of the justice, on appeal to the Circuit Court the proofs alone determine the right of recovery: Allen v. Nichols, 68 Ill. 250; Swingley v. Haynes, 22 Ill. 214; O. & M. R. R. Co. v. McCutchin, 27 Ill. 10; Coulterville v. Gillen, 72 Ill. 599; Waterman v. Bristol, 1 Gilm. 593; Minard v. Lawlor, 26 Ill. 302; Zuel v. Bowen, 78 Ill. 234; Jacksonville v. Block, 36 Ill. 507; Cassieberry v. Forquer, 27 Ill. 170; Lucas v. LeCompte, 42, Ill. 303.

Mr. J. B. Clark and Mr. Almon Kidder, for appellee; that the objection of premature action is matter in abatement only, and must be taken advantage of in apt time, cited 1 Chitty's Pl. 453; Moore's Civil Pr. 470; Archibald v. Argall, 53 Ill.

307; Tisdale v. Minonk 46 Ill. 9; Gilmore v. McCullock, 26 Ill. 200.

That each note constituted a separate demand, and could be sued separately: Buckner v. Thompson, 11 Ill. 563; Mallock v. Krome, 78 Ill. 110.

PILLSBURY, J.   This suit was commenced before a justice of the peace of Warren county, upon the following promissory note:

"$200.                              DENNY, Ill., Feb. 19, 1876.

"On or before the first day of March, A. D. 1877, for value received, we, or either of us, promise to pay Almon Beecher the sum of two hundred dollars.

"This note given to secure the rent on 80 acres of land belonging to above-named party.

"Indorsed: A. Beecher.
                                      "JAMES McCoy,
                                       JOSEPH McCoy."

Judgment was rendered by the justice against defendants, and they appealed to Circuit Court, where upon a trial before the court, a jury being waived, a like result followed.

On the trial below, the defendants objected to the introduction of the note in evidence, on the ground that it was not due at time of the commencement of the suit, and in support of their objection read in evidence the summons issued by the justice, from which it appeared that the suit was commenced March 1, 1877.

Also the transcript of the justice, reciting issuing of summons March 2, 1877.   The court overruled the objection, and the defendants excepted, and assign the ruling of the court for error in this court.

This note was by virtue of the statute entitled to days of grace, and whether the summons or the transcript should control as to time of commencement of suit, is immaterial, as in either case the note was not due until the last day of grace, which was two days after suit was instituted.

In fact, it is admitted by the appellee that the suit was prematurely commenced, but claims that advantage should be taken of that by plea in abatement.

We do not so understand the law.   A plaintiff is required

to show that the defendant was indebted to him at the time of the commencement of the suit, or he fails in his action.

Our Supreme Court, in Hamlin, Hale & Co. v. Race, 78 Ill. 422, say: " We had supposed no rule was more inflexible or better established than that a plaintiff cannot recover for money not due at the institution of the suit," and after citing various authorities, continue: " If this rule could be seriously questioned, other cases could be referred to as establishing the rule; but to our minds it requires no authority, as it is based upon principles obviously just." Daniels v. Osborn, 71 Ill. 169, is conclusive upon this point. It was *assumpsit* for goods sold and delivered, and *non-assumpsit* pleaded. The proof was that the goods were sold on credit, and the credit had not expired at the time of bringing suit. The court held that the suit was prematurely brought, and reversed the judgment.

There is no merit in the second point made by appellant. The two notes when consolidated exceeded the jurisdiction of the justice, therefore he could sue them separately before the same justice on the same day. Each note constituted a separate cause of action, and not one entire demand. The rule, therefore, that a party cannot split up an entire cause of action and maintain several suits thereon, does not apply: Buckner v. Thompson, 11 Ill. 564; Mallock v. Krome, 78 Ill. 110.

If these two notes had, when consolidated, not exceeded the jurisdiction of the justice, then under the statute the plaintiff would be obliged to bring them both forward in the one suit.

As the note was not due at the time of the institution of this suit, the plaintiff cannot recover. The judgment will be reversed and cause remanded.

Judgment reversed.