## JAMES COLLINS

v.

## FILMAN A. MONTEMY, Adm'r.

1. PROMISSORY NOTE—DAYS OF GRACE,—Promissory notes, other than such as are payable at sight, or on demand or presentment, are entitled to days of grace, and suit cannot be brought thereon until after the expiration of the days of grace.

2. PREMATURE ACTION—OBJECTION ON TRIAL.—A cause of action must exist at the time suit is instituted, and where a demand has not matured at the time of bringing suit, the objection may be made on trial. The suing out of the summons is the commencement of the suit.

APPEAL from the Circuit Court of Jefferson county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Messrs. POLLOCK & SON and GREEN & CARPENTER, for appellant; that the law presumes that all pleadings before a justice are oral, cited Wilson v. Bevans, 58 Ill. 232; Town of Lewiston v. Proctor, 27 Ill. 414; Williams v. Corbett, 28 Ill. 262; Frye v. Tucker et al. 24 Ill. 181.

On appeal from a justice the case is tried *de novo:* City of Alton v. Kirsch et al. 68 Ill. 261; Minard v. Lawlor, 26 Ill. 302.

Where a suit is prematurely brought, advantage may be taken of it on the trial: 1 Chitty's Pl. 453; Archibald v. Argall, 53 Ill. 307; Harlow v. Boswell, 15 Ill. 56; Nickerson v. Babcock, 29 Ill. 497.

If the justice had jurisdiction, the Circuit Court can only inquire into the merits between the parties: Vaughn v. Thompson, 15 Ill. 39; Swingley v. Haynes, 22 Ill. 214; Thompson v. Sutton, 51 Ill. 213; Allen v. Nichols, 68 Ill. 250; Zuel v. Bowen, 78 Ill. 234.

The summons issued by the justice was the commencement of the suit, and no demand maturing after that time could be given in evidence: Rev. Stat. 1874, 640, § 17; Feazle v. Simpson et al. 1 Scam. 30; Daniels v. Osborn et al. 71 Ill. 169.

Plaintiff must show an indebtedness existing at the time of bringing suit: Hamlin et al. v. Race, 78 Ill. 422; McCoy v. Babcock, 1 Bradwell, 414.

Mr. T. S. Casey and Mr. C. H. Patton, for appellee; that an action is premature is matter in abatement only, cited Archibald v. Argall, 53 Ill. 307; Palmer v. Gardiner et al. 77 Ill. 143; Chitty's Pl. 453.

By pleading to the merits, appellant waived his dilatory plea in abatement: Thomas v. Lowy, 60 Ill. 512; Pearce et al. v. Swan, 1 Scam. 266; Gilmore et al. v. Nowland, 26 Ill. 200; Mills v. Ex'rs of Bland, 76 Ill. 381; Lindsay v. Stout, 59 Ill. 491; Conly v. Good, Beecher's Breese, 135; Adams v. Miller, 12 Ill. 27; Wilson v. Nettleton, 12 Ill. 61.

Baker, J. This was a suit brought by appellee against appellant before a justice of the peace, and a judgment was rendered by the justice against the appellant, and appeal was taken to the Circuit Court of Jefferson county, where the case was submitted to a jury, with a like result. A motion for a new trial was overruled by the court, and appellant excepted and brings the record to this court. The points referred to by us in this opinion are fully covered by the rulings of the court below, the exceptions there taken, and the errors here assigned.

The summons was issued by the justice of the peace on the 11th day of November, 1875; was made returnable on the 16th day of that month, and was served on appellant by the constable on the 12th day of said month of November.

The suit was predicated upon a promissory note, dated February 12, 1875, and due nine months after date. This would make it mature on the 15th day of November, 1875. In all computations of time, a month shall be considered to mean a calendar month, and a day shall be considered a thirtieth part of a month. Rev. Stat. Ch. 98, § 16; Ch. 74, § 10; Ch. 131, § 1, tenth clause. Promissory notes other than such as are payable at sight, or on demand, or on presentment, are entitled to days of grace. Rev. Stat. Ch. 98, § 15.

But it is urged by appellee that it should be made to appear that the objection was raised before the justice and by plea in abatement; such is not our understanding of the law. The suing out of the summons was the commencement of the suit. Rev. Stat. ch. 79, § 17; Feazle v. Simpson, 1 Scam. 30.

The cause of action must exist at the time of the institution of the suit, and where the demand has not matured at the time of the institution of the suit, and the general issue is pleaded, the defendant may avail himself of the objection on the trial. Harlow v. Boswell, 15 Ill. 56; Nickerson v. Babcock, 29 Ill. 497; Daniels v. Osborn, 71 Ill. 169; Hamlin, Hale & Co. v. Race, 78 Ill. 422; and authorities there cited. In this latter case the Supreme Court say: " We had supposed no rule was more inflexible or better established than that a plaintiff cannot recover for money not due at the institution of the suit."

It is a good plea in abatement to the action of the writ that it was prematurely brought, but as this is ground of demurrer or non-suit, it is very unusual to plead it in abatement. 1 Chit. Pl. 422, 453.

We are referred, however, by appellee, to the cases of Archibald v. Argall, 53 Ill. 307, and Palmer v. Gardner, 77 Ill. 143. We do not regard either of these cases as militating at all seriously against the conclusions we have reached in this case.

In Archibald v. Argall *supra*, the defense was not that the money was not due for the goods sold under and by the terms of the contract of purchase, but that by a subsequent agreement *dehors* the contract of sale, the plaintiff agreed to extend the time for the payment of the account. The court held that the matter stated in the special plea filed in that case, was in abatement and not in bar of the action. The distinction between that case and the case at bar is obvious; and again in the plea filed in that case, there was no consideration stated to sustain the promise to extend the time of payment, and the plea was bad on that account.

Palmer v. Gardner *supra*, was a bill in chancery to enjoin the collection of two judgments theretofore recovered at law. One ground alleged in the bill was that the note upon which these judgments were predicated was only due one day by its terms when suit was brought, and days of grace were not allowed. In that case, the Supreme Court say: "As to the question of the days of grace, the bill is loose and defective. It merely states conclusions. It should have given the date on which the note was in terms payable, together with the date of

the commencement of the suit, that it might be determined whether the suit was prematurely brought. The bill only states that it was." Now this fully disposed of this chancery case, so far as this question was concerned, and that which is subsequently said *in arguendo*, and without any reference to authority, in regard to the necessity of pleading in abatement, was wholly unnecessary for the decision of the case.

We are of the opinion that the court below erred in over-ruling appellant's objections to the introduction of the note in evidence, and in permitting it to be read to the jury; and also in overruling the appellant's motion for a new trial.

The judgment is reversed and the cause remanded.

Reversed and remanded.

TANNER, P. J., took no part in the decision of this case.