Dunaway v. Goodall et al.

SAMUEL W. DUNAWAY

v.

JOHN GOODALL ET AL.

1. PLEADING—AMENDMENTS—PLEA IN ABATEMENT NOT AMENDABLE.—A plea in abatement is a dilatory plea, not going to the merits of the action, and is not amendable. The statute allowing amendments to pleadings does not embrace pleas in abatement unless they go to the merits of the action.

2. STATUTE—GENERAL AND PARTICULAR EXPRESSIONS—CONSTRUCTION—RULE.—Where, in a statute, a general intention is expressed, and the act also expresses a particular intention incompatible with the general intention, the particular intention is to be considered in the nature of the exception.

APPEAL from the Circuit Court of Williamson county; The Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. WILLIAM J. ALLEN, for appellant; that leave to file an amended plea in abatement should not have been granted, cited Trinder v. Durant, 5 Wend. 77; 2 Arch. 239; 1 Chitty's Pl. 440; Cook v. Yarwood, 41 Ill. 115; Feasler v. Schriever, 68 Ill. 322.

Both are in effect pleas in abatement: 1 Chitty's Pl. 453; Archibald v. Argall, 53 Ill. 307; Palmer v. Gardiner, 77 Ill. 143.

The plea avers no sufficient consideration for the agreement pleaded: Archibald v. Argall, 53 Ill. 307.

A judgment *quod recuperet* is not proper on a dilatory plea: 1 Bouv. Law Dic. 760.

The judgment should have been that the writ be quashed; Scott v. Waller, 65 Ill. 181; Spaulding et al. v. Lowe et al. 58 Ill. 96; Cushman v. Savage, 20 Ill. 330.

Mr. WILLIAM M. CLEMMENS and Mr. ANDREW D. DUFF, for appellees; that amendments to pleadings where no statute intervenes, are always in the discretion of the court, cited Jackson v. Warren, 32 Ill. 331; State Bank v. Buckmaster, Beecher's Breese, 176.

The statute allows such amendments: Rev. Stat. 1874, 778, § 24; 137, § 1.

All pleas in abatement are not dilatory pleas: Humphreys v. Phillips et al. 57 Ill. 132; Buckles v. Harlan, 54 Ill. 361; Wallace et al. v. Cox, 71 Ill. 548; Drake v. Drake, 9 Chicago Legal News, 222.

The judgment as to recovery of costs was correct: Rev. Stat. 1874, 298, § 10.

Technical objections to a judgment as to matters of mere form will not be regarded on appeal: Hofferbert et ux. v. Klinkhardt, 58 Ill. 450; Rev. Stat. 138, §§ 6, 7.

TANNER, P. J.    This was an action of assumpsit brought by the appellant against the appellees in the Circuit Court of Williamson county. The appellee interposed a plea in abatement to the action, setting out, in substance, that after the several causes of action occurred, they had entered into a contract with the appellant by which he, for a consideration mentioned in the

Dunaway v. Goodall et al.

plea, was to forbear suing upon the indebtedness averred in the declaration, until the appellees could be relieved from the financial embarrassment under which they then suffered, and that although they should be so relieved within the period of one year, suit should not be instituted until the expiration of that time. A demurrer was interposed to this plea and sustained by the court. The appellees then asked and obtained leave over the objections of the appellant to file an amended plea in abatement.

The amended plea differed from the original by averring that for the consideration stated in the first plea, the appellee was not to sue on said indebtedness for the space of five years, unless the appellees should sooner become relieved from their pecuniary embarrassments.

To this plea a demurrer was also interposed and overruled by the court, and an exception taken to the ruling of the court by the appellant and he stood by his demurrer, and the court rendered judgment as follows:

"It is therefore ordered by the court, that the defendants recover of the said plaintiff their proper costs in this behalf expended."

The appellant brings the cause to this court and assigns for error the rulings of the Circuit Court in allowing an amended plea in abatement to be filed after sustaining a demurrer to the original plea.

It seems to be a rule that pleas in abatement are not amendable, because they are dilatory and do not go to the merits of the action. Tidd's Practice, 638; Chit. Pl. 465; Trindon v. Durant, 5 Wend. 72, and authorities there cited.

In Brownell v. Yarwood, 41 Ill. 115, the court say: "After the defendant has filed a plea in abatement to the action which has been disposed of by the court, it is irregular to file another plea of the same character, and it may be [stricken from the files." Pleas in abatement are not favored by the courts, and we are not aware of any well adjudicated cases in which they are held to be amendable at common law; this view, we think, is not shaken by the authorities cited by the appellees. If such pleas could be at any time amendable in our State, the right therefor must be statutory.

The twenty-third section of the Practice Act, in force July, 1872, provides that "at any time before final judgment in a civil suit, amendments may be allowed in any matter either of form or substance in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought, or the defendant to make a legal defense." If this section could be construed favorably for such pleas in regard to amendments, the statute of amendments in force July, 1874, clearly prohibits the amendment of such plea. The first section of the latter act provides " that the court in which any action is pending shall have power to permit amendments in any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment." This section is in all respects the same as the statute construed in 5 Wend. *supra*, in which it was held not to confer power upon the courts of New York to allow amendments to be made to pleas in abatement. However, our legislature left no difficulty for the courts in respect to the construction of this section. The last paragraph of the last section of the act provides that "no part of this act shall extend to any plea in abatement."

If the first section can be construed as giving authority to allow amendments to such pleas, the last section of the act takes it away. " When a general intention is expressed, and the act also expresses a particular intention, incompatible with the general intention, the particular intention is to be considered in the nature of the exception." Churchill v. Crease, 5 Bing. 180; Terrington v. Hargraves, Ib. 492; Sedg. St. & C. L. 60.

The next question that presents itself for our consideration is, if the twenty-third section of the Practice Act of 1872 conferred upon the courts the power to allow amendments in this character of pleas, was it taken away by the prohibitory clause in the last section of the statute of amendments in force July, 1874? We think there is no difficulty in determining this question.

The twenty-third section of the Practice Act, and the first section of the statute of amendments are statutes *in pari materia*, and are to be taken as one statute, and construed together,

Dunaway v. Goodall et al.

in order to arrive at the intention of the law-making body. Smith's Com.; Bruce v. Schuyler, 4 Gilm. 273.

If the twenty-third section of the Practice Act, and the first section of the statute of amendments are statues *in pari materia*, and the power is conferred upon the courts to allow amendments to pleas in abatement by both, a repeal or limitation of one, in this regard, would be a repeal or limitation of the other. The last section of the statute of amendments is subsequent in point of legislative contemplation to both, and must be regarded as a repeal or limitation of both.

The cases referred to by appellants in support of the rulings of the Circuit Court do not militate against this view. In those cases the pleas raised the question of jurisdiction of the court over the person, under the provisions of the statute of our State, and are therefore not in conflict with the statute of amendments. In Safford v. Sangamon Ins. Co. 83 Ill. 528, the views of the court are expressed by Judge Dickey in these words: "A plea in abatement to the jurisdiction of the court is a meritorious plea, and not to be regarded as a mere plea in abatement, but one necessary to the protection of a substantial right, granted by the statute, and so the exception in the statute of amendments forbidding the amending of a plea in abatement does not embrace pleas of this character."

The plea in the case at bar is in the ordinary form of pleas to abate actions prematurely brought, and does not go to the merits of the case, but only to the right of the appellees to sue at the time the suit was instituted. After a careful consideration of authorities, and the several provisions of the statutes in reference to amendments, we must conclude that the plea in this case is embraced in the prohibitory features of Chap. 7, sec. 11, Rev. Stat. 1874.

The Circuit Court, on sustaining the demurrer to the plea, should have denied leave to amend the plea, and required the appellees to plead to the declaration.

The judgment of the Circuit Court is reversed and the cause remanded.

Reversed and remanded.