# Adolph Kahn

## v.

# Cyrus F. Cook and Hyman L. Seixas.

*Commencement of Suit—Demand Must be Due—Plea of* Non Assumpsit—*Sales—Instructions.*

1. A suit can not be maintained to recover a demand which is not due at the date of its commencement.
2. The objection that the suit is prematurely brought is available under the plea of *non assumpsit.*
3. In the case presented, it is *held:* That the burden of proving the maturity of the debt was upon the plaintiffs; and that there was error in giving and refusing instructions.

[Opinion filed June 8, 1887.]

In error to the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Messrs. Kraus, Mayer & Brackett, for plaintiff in error.

Messrs. Weigley, Bulkley & Gray, for defendants in error.

Bailey, J. On the 28th day of October, 1884, Cyrus F. Cook and Hyman L. Seixas, copartners under the firm name of Cook & Seixas, brought suit in assumpsit against Adolph Kahn to recover the sum of $459.60, the amount of a bill of boots and shoes sold and delivered by the plaintiffs to the defendant, October 22, 1884. The declaration consisted of the common counts, to which the defendant pleaded *non assumpsit.* At the trial before the court and a jury, the issues were found for the plaintiffs and their damages assessed at $459.60, and for that sum and costs the plaintiffs had judgment.

The evidence is undisputed that on the said 22d day of October, 1884, the plaintiffs sold and delivered to the defend-

ant said bill of boots and shoes, and the only controverted question at the trial was, whether the indebtedness for said goods was due at the date of the commencement of the suit. Both parties agree in their testimony that, at the time said goods were sold, nothing was said between them as to the terms of the sale. Cook, who personally made the sale, testifies, however, that the sale was for cash, and that all previous sales made by his firm to the defendant were cash sales. The defendant, on the other hand, testifies that he purchased said goods on thirty days' credit; that he had been purchasing goods of the plaintiffs from time to time for several years under an agreement or arrangement that he was to pay for each purchase at the expiration of thirty days, and that he never bought goods of them on any other terms. On this evidence the court, at the instance of the plaintiffs, gave to the jury the following instructions:

"The court instructs the jury that the only issue for them to decide, is, whether or not the defendant, at the date of the commencement of this suit, was indebted to the plaintiffs, and if you find this issue for the plaintiffs, then you will assess the plaintiffs' damages at whatever sum the evidence shows the defendant was indebted to them.

"The jury are instructed, as a matter of law, that when goods are sold, and nothing is said at the time of the sale as to the time when they are to be paid for, then the law presumes that they were sold for cash, and the burden of proof is on the party claiming the credit to show that such credit was given."

The defendant asked the court to give to the jury the following instruction, which was refused, to wit:

"The court instructs the jury that the plaintiffs in this case can not recover unless when this suit was brought the debt was due; that the burden of proof rests upon the plaintiffs to prove by the preponderance of the evidence that the debt was due when the suit was brought, and if the evidence is evenly balanced as to whether the debt was so due, then the jury should find for the defendant."

The defendant's evidence tended to show that the indebted-

ness sued for was not due when the suit was brought. If there was a previous agreement or arrangement between the parties that the defendant's purchases should be thirty days credit, and if their previous dealings had all been on that basis, the jury might properly infer that the purchase in question, which, as is conceded, was unaccompanied by any new agreement, was understood by the parties to be on the same credit. The suit was commenced only six days after the date of the purchase, and of course, if the defendant bought the goods on a credit of thirty days, the suit was prematurely brought.

The first instruction given for the plaintiffs was erroneous in ignoring the question as to whether the indebtedness sued for was due at the time the suit was commenced. It held that the only issue to be tried was whether at the time of the commencement of the suit, the defendant was indebted to the plaintiffs, and that if such indebtedness existed at that time, whether due or not, the plaintiffs were entitled to recover. That such is not the law seems to us to admit of no argument. A plaintiff's cause of action arises only upon the failure of his debtor to pay a debt at maturity, and an indebtedness not yet due constitutes no cause of action, and furnishes no ground for a recovery. As said in Nickerson v. Babcock, 29 Ill. 496, "No rule of practice is more uniformly recognized than that a suit can not be maintained before a demand is due." In Daniels v. Osborn, 71 Ill. 169, it is held that where goods are sold on a definite credit, and suit is brought for the price before the credit expires, it will be premature, and no recovery can be had. So, in Hamlin v. Race, 78 Ill. 422, where the suit was on a contract for the payment of money by installments, it was held that the plaintiff could recover only the amount that was due at the time the suit was brought, although at the time of the trial all the installments may have matured.

But it is claimed that, to avail himself of the defense that the suit was prematurely brought, the defendant should have pleaded that fact in abatement. This position is manifestly untenable. The fact that the demand was not due at

the commencement of the suit, is not, properly speaking, a matter of defense, but it is incumbent on the plaintiff, in order to recover, to establish a demand which had matured at the time his suit was brought. The cause of action must exist at the time of the institution of the suit, and where the demand had not then matured an l the general issue is pleaded, the defendant may avail himself of the objection at the trial. Collins v. Montemey, 3 Ill. App. 182. It is always proper to show, under the plea of *non assumpsit*, that the plaintiff never had a cause of action. In Daniels v. Osborn and Hamlin v. Race, above cited, the plea was *non assumpsit*, and the objection that the suit was prematurely brought was allowed.

The second instruction given for the plaintiffs, as applied to the facts in this case, was erroneous and misleading. It held that where goods are sold and nothing is said at the time of the sale when they are to be paid for, the law presumes that they are sold for cash. This doubtless would be a correct rule where there have been no previous dealings between the parties from which a contrary presumption may properly arise. But in this case there is evidence tending to show a previous agreement that all purchases in the course of the dealings between the parties should be on thirty days credit, and that all their previous dealings had been on that basis. Under these circumstances, the fact that nothing was said at the time the goods in question were sold, as to when they are to be paid for, would raise a presumption that they are sold under the existing arrangement and upon the credit previously agreed upon.

We are also of the opinion that the instruction asked by the defendant should have been given. It is doubtless the law, as has already been stated, that under the pleadings the plaintiffs were not entitled to recover unless the debt was due when the suit was brought. It was, therefore, incumbent upon the plaintiffs to prove a debt matured at the time of the institution of their suit in order to make out their case in chief. The burden of making such proof was therefore upon them, and it follows that if the evidence upon the issue was evenly balanced, they had failed to make out their case and were not entitled to recover.

For the errors above pointed out the judgment will be reversed and the cause remanded.

*Judgment reversed.*