FRANCIS M. BACON et al.

v.

CHRISTIAN SCHEPFLIN et al.

*Opinion filed April 17, 1900.*

1. PLEADING—*non-maturity of debt may be shown under general issue.* The non-maturity of the plaintiff's demand at the commencement of the suit may be shown as a defense under the general issue, except where such non-maturity is the result of an agreement extending the time of payment, in which case the defense must be raised by plea in abatement.

2. SAME—*filing a plea in abatement does not waive defense admissible under general issue.* A defense which may be shown under the general issue is not waived because it has been made the basis of a plea in abatement which has been held bad.

3. SAME—*a plea in abatement is not amendable.* A plea in abatement, being dilatory in character, is not amendable; nor is it proper to file a second plea in abatement after the court has disposed of one of the same character.

4. RES JUDICATA—*a judgment does not conclude after acquired rights.* A judgment against plaintiff because his action was prematurely brought is not a bar to a suit instituted after the cause of action has accrued.

5. VERDICT—*when verdict in favor of "defendant" instead of "defendants" is not invalid.* A verdict in favor of the "defendant" instead of the "defendants" is not invalid for uncertainty, where the defendants are partners, whose liability is joint, their rights identical and their defense the same, so that no issue involved in the pleadings is not settled by the verdict.

*Bacon v. Schepflin,* 85 Ill. App. 553, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

This is an action, commenced on March 21, 1895, by the appellants, doing business in New York, against the appellees, composing the firm of Schepflin, Schultz & Co., doing business in New Jersey, to recover the sum of $3464.73. The suit was begun in the superior court of Cook county by a writ of attachment, alleging, as the

ground of attachment, the non-residence of appellees; and Henry W. King & Co. were served as garnishees. The answer of the garnishees, filed on April 1, 1895, admitted an indebtedness to the attachment defendants of $1650.78.

Appellees filed a plea in abatement, alleging the non-maturity of the debt sued for at the time of the beginning of the suit, and that the debt would not become due and payable before June 6, 1895. A demurrer to the plea in abatement was overruled, and final judgment was entered in favor of the appellees. But this judgment was, on appeal to the Appellate Court, reversed, and the case was remanded, as may be seen by reference to the case of *Bacon* v. *Schepflin,* 63 Ill. App. 17. After the cause was re-docketed in the superior court, the demurrer to the plea in abatement was sustained, and the appellees then filed a plea of the general issue. The case was tried again upon the issue formed by the plea of the general issue.

An interpleader was filed by one James F. McDonald, assignee under a deed of assignment alleged to have been made to him on March 23, 1895, by the appellees, as insolvents, in the State of New Jersey. An answer was filed to the interpleader by the appellants herein, and replication was filed to the answer. But there was no trial upon the interpleader, and no question is raised in relation thereto.

Appellants, upon the trial, introduced a certified copy of the deed of assignment, dated March 23, 1895, and delivered by the appellees to McDonald, assignee, attached to which was a sworn list of creditors including the appellants, Bacon & Co., as being creditors to the amount of $3386.20 upon open account. The testimony, however, of the appellants did not show the date of the maturity of their claim against the appellees.

The claim was for goods sold by the appellants to the appellees. The appellees proved, that the goods were sold on credit, and that, on March 21, 1895, when the suit

was commenced, the price of the goods so sold had not become due or payable from appellees to appellants, and that the purchase money therefor would not become due and payable for several months after the date of the beginning of the suit. Objections were made by appellants to the introduction of the testimony showing the non-maturity of the indebtedness sued upon. These objections were overruled, and exceptions were taken to the admission of the testimony. The exceptions were upon the ground that the defense of non-maturity can not be introduced under the plea of the general issue.

The court refused to instruct the jury, as requested by the appellants, that the alleged defense of the non-maturity of the account of the appellants could not be raised under the plea of the general issue; and also refused to instruct the jury, at the request of the appellants, to find the issues for them and assess their damages at $3386.20. On the contrary the court gave to the jury the following instruction: "The court instructs the jury to find the issues submitted to them in this case for the defendants." The giving of this instruction was excepted to by appellants. The jury returned a verdict in accordance with the instruction of the court, and, after overruling motions for new trial and in arrest of judgment, judgment was rendered upon the verdict.

An appeal was taken from this judgment to the Appellate Court where the judgment has been affirmed. The present appeal is taken from such judgment of affirmance.

MOSES, ROSENTHAL & KENNEDY, for appellants.

ARTHUR W. UNDERWOOD, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—This suit was brought before the claim sued upon was due; and the main question in the case is, whether the non-maturity of the claim at the time of the

beginning of the suit can be proved as a defense to the suit under the plea of the general issue. The court below permitted such proof to be introduced, and, it appearing that the indebtedness sued upon had not matured at the beginning of the suit, the jury were instructed to find for the defendants. The contention of the appellants is, that the non-maturity of the debt sued for can only be pleaded in abatement, and not in bar.

No rule is better established than that a plaintiff can not recover for money not due at the institution of the suit. (*Hamlin, Hale & Co.* v. *Race*, 78 Ill. 422, and cases there referred to). It would seem to follow from the rule, that the cause of action must be in existence when suit is brought, that the defense of non-maturity of the debt at the beginning of the suit can be pleaded as a bar thereto, and, therefore, can be proven under the general issue.

In *Daniels* v. *Osborn*, 71 Ill. 169, the action was assumpsit by the appellees against the appellant for the price of goods sold and delivered, and we there said: "This was assumpsit for goods sold and delivered. The general issue was pleaded. It appears, by the showing of the plaintiffs below, that the goods sold and in question were not to be paid for until the 9th day of October, 1872, yet this suit was commenced on the 11th day of July, 1872, before the credit expired. It was prematurely brought, and the judgment must be reversed and cause remanded."

In *McCoy* v. *Babcock*, 1 Ill. App. 414, where suit was brought on a note before it was due, but where the contention was made that advantage should be taken of that fact by plea in abatement, the Appellate Court held that such was not the law, and that "a plaintiff is required to show that the defendant was indebted to him at the time of the commencement of the suit, or he fails in his action."

In *Collins* v. *Montemy*, 3 Ill. App. 182, suit was brought upon a note which was not yet due, and the contention was made that the non-maturity of a note could only be set up by plea in abatement, but the Appellate Court,

speaking through the late Mr. Justice BAKER, said: "Such is not our understanding of the law. * * * The cause of action must exist at the time of the institution of the suit, and where the demand has not matured at the time of the institution of the suit and the general issue is pleaded, the defendant may avail himself of the objection on the trial. (*Harlow* v. *Boswell*, 15 Ill. 56; *Nickerson* v. *Babcock*, 29 id. 497; *Daniels* v. *Osborn*, 71 id. 169; *Hamlin, Hale & Co.* v. *Race*, 78 id. 422, and authorities there cited). In this latter case the Supreme Court say: 'We had supposed no rule was more inflexible or better established than that a plaintiff cannot recover for money not due at the institution of the suit.' It is a good plea in abatement to the action of the writ that it was prematurely brought, but, as this is ground of demurrer or non-suit, it is very unusual to plead it in abatement.—1 Chitty's Pl. 422, 453."

In *Kahn* v. *Cook*, 22 Ill. App. 559, the Appellate Court, speaking through the late Mr. Justice BAILEY, said (p. 561): "The suit was commenced only six days after the date of the purchase, and, of course, if the defendant bought the goods on a credit of thirty days, the suit was prematurely brought. The first instruction given for the plaintiffs was erroneous in ignoring the question as to whether the indebtedness sued for was due at the time the suit was commenced. It held that the only issue to be tried was whether, at the time of the commencement of the suit, the defendant was indebted to the plaintiffs, and that, if such indebtedness existed at that time, whether due or not, the plaintiffs were entitled to recover. That such is not the law seems to us to admit of no argument. A plaintiff's cause of action arises only upon the failure of his debtor to pay a debt at maturity, and an indebtedness not yet due constitutes no cause of action, and furnishes no ground for a recovery. As said in *Nickerson* v. *Babcock*, 29 Ill. 497, 'no rule of practice is more uniformly recognized than that a suit cannot be

maintained before a demand is due.'" In *Kahn* v. *Cook*, *supra*, the court, after making the statements above quoted, refers to the cases of *Daniels* v. *Osborn, supra*, and *Hamlin* v. *Race*, *supra*, and then proceeds as follows: "But it is claimed that, to avail himself of the defense that the suit was prematurely brought, the defendant should have pleaded that fact in abatement. This position is manifestly untenable. The fact, that the demand was not due at the commencement of the suit, is not, properly speaking, a matter of defense, but it is incumbent on the plaintiff, in order to recover, to establish a demand which had matured at the time his suit was brought. The cause of action must exist at the time of the institution of the suit, and where the demand had not then matured and the general issue is pleaded, the defendant may avail himself of the objection at the trial. (*Collins* v. *Montemy*, 3 Ill. App. 182). It is always proper to show, under the plea of *non assumpsit*, that the plaintiff never had a cause of action. In *Daniels* v. *Osborn*, and *Hamlin* v. *Race*, above cited, the plea was *non assumpsit*, and the objection, that the suit was prematurely brought, was allowed."

In view of the authorities above quoted, we are inclined to think that the defense of non-maturity of the debt sued upon can be made under the plea of the general issue.

Certain cases decided by this court are referred to by counsel for the appellants as holding a contrary doctrine. Among these are *Archibald* v. *Argall*, 53 Ill. 307; *Culver* v. *Johnson*, 90 id. 91; *Palmer* v. *Gardner*, 77 id. 143; *Guard* v. *Whiteside*, 13 id. 7; *Pitts Sons' Manf. Co.* v. *Commercial Nat. Bank*, 121 id. 582. But in all of these cases except *Palmer* v. *Gardner*, *supra*, the facts show that the actions therein were prematurely brought, not because the original debt had not matured, but because there was an agreement to extend the time of payment which had not elapsed at the time of the bringing of the suit. An

agreement based upon a valid consideration, to extend the time of payment of the debt to a date beyond the time when the suit is brought, cannot be pleaded in bar of the action, but only in abatement, and cannot, therefore, be shown under the general issue. Such is the doctrine of the cases referred to by counsel, and, hence, they are not applicable to the state of facts existing in the present case, where there has been no agreement for the extension of a debt which has matured by its terms, but where the debt itself is sued upon before it has ever actually matured.

In cases where the agreement was merely to extend the time of payment, and suit was brought before the time of extension had passed, the cause of action had become complete, and the claimant was entitled to proceed, as his rights were fixed. In such case, he merely agrees to give a further day of payment and delay suit. The proof of such an agreement to extend the time of payment does not tend to show, that no cause of action ever existed; a cause of action, complete and matured, has existed, and the agreement to extend the time merely postpones the exercise of a remedy already completely vested. The proceeding in such a case is a dilatory one, seeking merely to delay the assertion of a right of action, and, as it is dilatory merely, it should be set up by plea in abatement, and not by plea in bar. In such a case, however, as the one at bar, there has never at any time been any cause of action; it is not certain, that any cause of action will ever arise, because the debtor may pay his obligation before the creditor acquires the right to demand payment.

The distinction thus referred to is pointed out and commented upon by Mr. Justice BAKER in *Collins* v. *Montemy, supra,* where the cases of *Archibald* v. *Argall, supra,* and *Palmer* v. *Gardner, supra,* are shown not to be inconsistent with the rule here held to be applicable to the present case.

In *Culver* v. *Johnson, supra*, the same distinction is indicated by this court where it is said: "According to the decision of this court in *Archibald* v. *Argall*, 53 Ill. 307, when an action is prematurely brought, because of an agreement to extend the time of payment which has not elapsed, it is matter in abatement only, and not in bar of the action; and such defense cannot be interposed after a plea in bar. It may be, if the defense had been that at the time of the institution of the suit the money was not due by the terms of the contract sued on, a different rule would apply."

In *Pitts Sons' Manf. Co.* v. *Commercial Nat. Bank, supra*, which was an action on promissory notes, the plea was that the plaintiff and other creditors had agreed to an extension of the time of payment and not to sue on the notes until the extension had expired; and it was held, that such a contract for extension could not be pleaded in bar of an action before the time, as extended, had expired, but must be pleaded in abatement. The general observations, made in that case in regard to the distinction between pleas in bar and pleas in abatement are unquestionably correct, but must be limited to the nature of the agreement, shown by the facts of that case to have there been relied upon. What is there said is not in opposition to the position here taken.

It is said by counsel for appellants that evidence of the non-maturity of the debt sued upon should not be admitted under the general issue, upon the alleged ground that the judgment based thereon would bar a later suit brought on the claim when due. The answer to this contention is, that "a judgment against a party because the action was prematurely brought, * * * is no bar to a suit subsequently brought, after the cause of action properly accrued." (*Brackett* v. *People*, 115 Ill. 29; 1 Freeman on Judgments, secs. 268, 269). A final judgment, where a plea in bar has been filed, is conclusive as to the cause

of action involved and existing at the time of bringing suit; but it is a well settled principle in relation to the subject of *res judicata*, that a former adjudication never affects after acquired rights. Rights, which had not accrued to either party at the time when the judgment is rendered, cannot be prejudiced thereby. Rights, which did not exist at the time of the rendition of the judgment, could not have been then passed upon; and, if they did not exist at the time of the former judgment, the causes of action in the two suits could not be similar. (*State of Wisconsin* v. *Torinus*, 26 Minn. 1; *Wood* v. *Faut*, 55 Mich. 185; *Palmer* v. *Temple*, 9 Ad. & El. 508; *Drake* v. *Vorse*, 42 Iowa, 653). The issues involved in the first suit, which is set up as a bar to the second suit, may, when necessary, be shown by parol, and where the evidence shows the issue in the first suit to have been that the action was prematurely brought, the former judgment forms no obstacle to the recovery when the debt is sued upon after maturity. An action, brought for the price of goods before credit has expired, will not prevent a recovery of the same goods after that period.

Counsel for appellants claim that, inasmuch as appellees filed a plea in abatement which was held by the Appellate Court to be defective, (*Bacon* v. *Schepflin*, 63 Ill. App. 17), appellees should have asked leave to amend their plea in abatement, and that, because they did not do so, they have lost the right to defend upon the ground of the non-maturity of the debt. It may be said in reply to this contention, that pleas in abatement are not amendable, because they are dilatory, and do not go to the merits of the action. (*Dunaway* v. *Goodall*, 3 Ill. App. 197; 1 Ency. of Pl. & Pr. p. 26). Moreover, when the defendant has filed a plea in abatement, and the court has disposed of it, it is irregular to file another plea of the same character, and, if such a plea is filed, it may be stricken from the files. (*Cook & Brownell* v. *Yarwood*, 41 Ill. 115).

We see no reasonable ground for the insistence made by appellants, that the right to prove the non-maturity of the debt under the general issue was waived because such defense was first pleaded in abatement. The defense might be the subject of a valid plea in abatement, but it could also be shown under the general issue. It is a general rule, that a dilatory plea must be interposed at the earliest opportunity, and, hence, it is too late to interpose it after a prior dilatory motion has been overruled, or a prior dilatory plea has been held to be bad. (*Holloway* v. *Freeman,* 22 Ill. 197; *Grand Lodge* v. *Cramer,* 164 id. 9). But this principle has no application here, because the validity of a defense under the general issue could not be determined by the time of the filing of the general issue. The right to file the general issue, or to interpose evidence under it, could not be waived by the previous filing of a plea in abatement which has been declared to be bad. If the defense is admissible under the general issue, it will continue to be so, no matter what prior steps in the pleadings may have been taken.

*Second*—The verdict of the jury in this case was, that they found the issues for the "defendant," and, inasmuch as there was more than one defendant, it is claimed by appellants, that the verdict did not dispose of the issue as to all of the appellees, and, for that reason, did not authorize the entry of a judgment.

Here, the court instructed the jury to find the issues submitted to them "for the defendants." By some carelessness, or slip of the pen, the verdict of the jury used the word, "defendant," instead of the word, "defendants," their verdict being, "We, the jury, find the issues for the defendant." This objection is disposed of by what is said by the Appellate Court in *Daft* v. *Drew,* 40 Ill. App. 266: "As to irregular and informal verdicts, the rule is that if, by looking into the record, the verdict can be seen to be responsive, it will be sustained. Looking into the record, it appears that there were two parties plaintiff.

There is no uncertainty about this verdict; it finds the issues for the plaintiff and assesses the damages at $112.40. (*Smith* v. *Johnson,* 3 Tex. 418; *Matson* v. *Connelly,* 24 Ill. 143; *Allwood* v. *Mansfield,* 33 id. 452; *Brown* v. *Keller,* 38 id. 63; *Phelps* v. *Reeder,* 39 id. 172; *Hamm* v. *Culvey,* 84 id. 56; *Bates* v. *Williams,* 43 id. 494; *Reardon* v. *Smith,* 36 id. 204). The defendant was in nowise prejudiced by the informality in the verdict, nor by the entry of judgment thereon, and the judgment is affirmed."

There are cases, where a verdict, returned for the "defendant," instead of the "defendants," has been held to be defective; but these cases proceed upon the ground that the defendants are severally, as well as jointly, liable, and, therefore, by the terms of the verdict, it would be uncertain which one was found to be guilty. Here, however, the rights of appellees were identical. Their pleadings were joint, and a judgment could not be for or against either alone. The verdict settled all the rights involved, and was responsive to the issues. Although there was more than one defendant, there was but one defense. The instruction of the court required the jury to find the issues for the "defendants," and not for the "defendant" alone. By the judgment of the court it is considered, "that the defendant do have and recover from the plaintiffs its costs and charges in its behalf expended." The defendants were a firm, and evidently the word, "defendant," is used in the judgment as a collective noun, intended to include all the parties defendant. There was no issue involved in the pleadings, which was not determined by the finding of the verdict. The technical omission of the letter "s," indicating thereby the singular instead of the plural number, cannot vitiate the validity of the verdict, as the real issue was found in favor of both of the appellees, or the defendants below. (*Davis* v. *Shuah,* 136 Ind. 237; *Waddington* v. *Dickson,* 17 Col. 223).

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*