## The American Home Circle v. Lizzie Schumm.

1. EXTENSION OF TIME OF PAYMENT—*how pleaded.* An extension of the time of payment of an amount due under a benefit certificate, should be pleaded in abatement and not in bar of the action, where such extension of time was by a transaction extraneous of the instrument in suit.

2. PREMATURE COMMENCEMENT OF ACTION—*how availed of.* A defense of this kind, if based upon the instrument in suit, is properly pleaded in bar; if based upon a transaction extraneous of such instrument, it can only be availed of by plea in abatement.

3. BENEFIT CERTIFICATE—*when liability under, accrues.* The liability to pay under a benefit certificate accrues, in the absence of a contrary provision in the contract of insurance, at the time of the death of the member.

Action of assumpsit on benefit certificate. Error to the Circuit Court of Vermilion County; the Hon. FRANK K. DUNN, Judge, presiding. Heard in this court at the May term, 1903. Affirmed with remittitur. Opinion filed October 12, 1903. Rehearing denied November 17, 1903. Judgment modified by taxing costs of this court against appellee.

GEORGE W. KENNEY, for plaintiff in error; E. J. DUNN, of counsel.

LOVE & JEWELL, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action in assumpsit by defendant in error against plaintiff in error, a fraternal insurance society, to recover the amount of insurance payable to defendant in error under a certificate issued June 21, 1901, upon the life of Philip Schumm, Jr., in an amount not exceeding $1,000. To the declaration, consisting of one count, plaintiff in error filed the general issue and two special pleas; the first averring non-maturity of claim at time of bringing suit, by virtue of an agreement for a valuable consideration, to extend time of payment until March, 1902, and the second averring that the amount payable to defendant in error under said certificate, was the *pro rata* of one assessment upon all members in good standing at the time of insured's

American Home Circle v. Schumm.

death, as provided by the by-laws, and that the same amounted to $875.44, of which amount $100 was paid to defendant in error, on November 29, 1901.

There was a verdict and judgment against plaintiff in error for $854, from which judgment this writ of error is prosecuted.

The validity of the claim of defendant in error under the certificate, is not questioned by plaintiff in error, but it is insisted that the suit was prematurely brought and that the amount of the recovery is excessive. The insured, Philip Schumm, Jr., died August 6, 1901, and proofs of his death were furnished to and accepted by plaintiff in error, September 11, 1901. By the terms of the certificate, the insurance was payable 90 days after satisfactory proofs of death.

It is insisted by plaintiff in error that in November, 1901, before the maturity of the claim, it paid to Lizzie Schumm $100 to enable her to pay the funeral expenses of deceased, upon her express agreement that she would extend the time of payment of the balance of the insurance until March, 1902, and that this suit having been commenced January 28, 1902, there can be no recovery. To avail itself of this defense, plaintiff in error should have pleaded it in abatement and not in bar. By the terms of the certificate of insurance, a right of action accrued to defendant in error on December 11, 1901, and the alleged agreement to extend the time of payment, whether made before or after the right of action accrued, was extraneous of the certificate which gave defendant in error a right of action, and should have been pleaded in abatement. If suit had been commenced before a right of action accrued to defendant in error under the original contract, (the certificate) it could have been properly pleaded in bar. Bacon v. Schepflin, 185 Ill. 122. But waiving the fact that the issue was not properly presented by the pleadings, we think the jury was authorized under the evidence in finding that there was no such agreement for extension of time as claimed by plaintiff in error.

The agreement with defendant in error for an extension

of time to March, 1902, was testified to by one Johnson, the recorder of the Danville Circle of plaintiff in error, and was denied by defendant in error. On November 29, 1901, the secretary of plaintiff in error wrote to Johnson, enclosing voucher for $100 in part payment of the claim under the certificate of insurance, and said, "Am glad we are able to grant this request of Mrs. Schumm's and you can assure her that the balance will be taken up and paid in its regular order."

This language is not suggestive of an agreement to extend time of payment to a definite date, as claimed by plaintiff in error.

The amount of the assessment collected from the entire membership of plaintiff in error, for the month of August, 1901, was $1,094.30.

Under the provisions of the certificate of insurance and constitution of the society, twenty per cent of this assessment was subject to be placed to the credit of the general fund and eighty per cent to the credit of the benefit fund, so that the measure of the recovery of defendant in error, if the August assessment controls, would be $875.44, less the $100 paid on account. The certificate of insurance provides, " in case of the death of the member  *  *  *  the beneficiary named herein shall receive such sum as may be collected from one assessment upon all members, according to certificates held by each." The insured having died August 6, 1901, the liability of the plaintiff in error became fixed at that time, to pay to the defendant in error the *pro rata* of one assessment upon all members then subject to assessment. In the absence of any provision in the contract of insurance fixing a different time for the determination of the liability of a fraternal insurance society, the date of the death of the member must control. Newman v. Cov. Mut. Ben. Ass'n, 76 Iowa, 56; Collins v. Bankers Acc. Ins. Co., 59 Am. St. Rep. 367. The provision of the certificate of insurance, quoted, should be so construed.

Plaintiff in error being liable for the *pro rata* of the August assessment only, it was immaterial what any subse-

quent assessment realized.    The proof of subsequent assess-
ments went, however, only to the amount of the recovery,
and its admission was not prejudicial.    On the basis of the
August assessment, the verdict and judgment in this case
should have been for $775.44, being $875.44, the amount
realized from such assessment, less $100 paid November 29,
1901.    Defendant in error to avoid a reversal, must remit
the excess, amounting to $78.56, and the same having been
remitted, the judgment is affirmed for $775.44.

*Affirmed with remittitur.*

November 17, 1903.    Petition for rehearing denied.
Judgment modified by taxing costs of this court against
appellee.