## The Peninsular Stove Company, Appellant, v. H. T. Bagby, Appellee.

RES JUDICATA—*effect of judgment for costs.* A judgment for costs rendered against a plaintiff because of the premature commencement of the action is not a bar to a subsequent action predicated upon the same subject-matter.

Action commenced before justice of the peace. Appeal from the

Peninsular °Stove Co. v. Bagby, 158 Ill. App. 302.

County Court of Douglas county; the Hon. W. J. Dolson, Judge, presiding. Heard in this court at the November term, 1909. Reversed and remanded. Opinion filed October 18, 1910.

W. Thomas Coleman and S. S. Duhamel, for appellant.

J. M. Newman and John H. Chadwick, for appellee.

Mr. Justice Baume delivered the opinion of the court.

This suit was originally instituted by the plaintiff, a corporation, before a justice of the peace to recover for certain stoves and store fixtures sold and delivered to the defendant, and from a judgment there entered against the defendant, he prosecuted an appeal to the County Court of Douglas county, where a trial of the cause by the court, without a jury, resulted in a finding in favor of the defendant and judgment against the plaintiff for costs, to reverse which judgment the present appeal is prosecuted by the plaintiff.

Prior to the commencement of the present suit the plaintiff brought suit against the defendant before a justice of the peace to recover the amount here involved, which suit resulted in a judgment against the plaintiff for costs. When said first suit was commenced the debt sued for had not matured and the plaintiff's right of action had not accrued. A judgment against the plaintiff for costs because said suit was prematurely instituted did not operate to bar the plaintiff from bringing the present suit after the claim in question had matured. Bacon v. Schepflin, 185 Ill. 122.

The stove and stove fixtures, recovery for which was sought to be had, were sold and delivered by the plaintiff to the defendant upon partly written and partly printed orders therefor signed by the defendant and by the plaintiff's salesman, W. E. Price, wherein the terms of said sales except as to price and date of note

were stated as follows: "Terms. Note 60 days from ........ or 5 per cent discount for cash in 30 days. At prices named below, subject to no conditions other than named below. Not subject to countermand. No goods sent on sale. Goods shipped by railroad to be released; water shipments not insured unless specially ordered. All orders taken subject to the approval of the house." Nowithstanding none of the orders involved contained any such provision or agreement the defendant was permitted to introduce parol evidence tending to show a verbal agreement between the defendant and Price, the plaintiff's salesman, subsequent to the making of said orders, to the effect that as plaintiff was better able than the defendant to carry over some of the stoves so ordered by the defendant, in case the latter was not able to sell the same, the plaintiff would do so. This alleged agreement was wholly without any consideration and the evidence was clearly incompetent as tending to vary and contradict by parol the terms of a written contract of purchase and sale. As the finding of the court must necessarily have been predicated upon a consideration of such and other like incompetent evidence in the record the judgment must be reversed and the cause remanded.

Some of the stoves which were so ordered and purchased by the defendant and which remained unsold by him he re-shipped to the plaintiff without its consent and against its protest, as in part payment upon the account. The plaintiff refused to accept the stoves so shipped to it by the defendant, as it had the right to do under the contract of purchase. The correspondence between the parties as it appears in the record clearly indicates that the defendant sought to liquidate its indebtedness to the plaintiff by returning the stoves in lieu of giving notes or cash therefor as required by the contracts of purchase and sale. What is here said has no reference to the transaction involving the ship-

ment by the plaintiff to the defendant of the stove designated in the record as "No. 414 Sunburst," which was shipped by plaintiff to the defendant without any express order therefor.

For the error of the trial court in admitting incompetent evidence and because the finding of the court is not supported by the competent evidence the judgment is reversed and the cause remanded.

*Reversed and remanded.*