# Davis & Rankin Building & Manufacturing Co. v. The Colusa Dairy Association and Joseph F. Dietrick.

1. CONTRACTS—*Liability of Stockholders—Mechanics' Liens.*—The expression in a contract that " each subscriber shall be liable only for the amount subscribed by him," where the subscribers afterward form themselves into an incorporated company, does not preclude a person from perfecting a mechanic's lien against the company; his recourse is not against the delinquent subscribers only.

**Memorandum.**—Proceedings for a mechanic's lien. Appeal from the Circuit Court of Hancock County; the Hon. CHARLES J. SCOFIELD, Judge, presiding. Bill dismissed upon hearing; appeal by complainants. Heard in this court at the May term, 1894. Reversed and remanded with directions. Opinion filed October 29, 1894.

592    APPELLATE COURTS OF ILLINOIS.

VOL. 55.] Davis & Rankin Building Co. v. Colusa Dairy Ass'n.

D. MACK & SON, attorneys for appellant.

JOHN B. RISSE & SON, attorneys for appellees.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

This was a bill to enforce a mechanic's lien for a balance of $100, claimed to be due on a contract for building a combined butter and cheese factory at Colusa. On final hearing upon the pleadings and an agreed statement of the facts it was dismissed and complainant appealed.

As the only question in the case is the liability of the defendant, which depends upon the construction of the contract, we copy so much of it as is deemed or claimed to be material.

" We, Davis & Rankin, party of the first part, hereby agree with the undersigned subscribers, party of the second part, to build, erect, complete and equip for said party of the second part, a combined butter and cheese factory at or near Colusa, Hancock county, State of Illinois, as follows, to wit (giving a particular description of the building and equipments, and proceeding): The engine and boiler and all other machinery and fixtures shall be properly set up and shall be in good running order before the party of the second part shall be required to pay for said factory. Said Davis & Rankin agree to erect said butter and cheese factory as set forth by the above specifications for $4,950, payable when factory is completed, one-half cash, balance one-half in three months in good notes, discount for cash.

We, the subscribers hereto, agree to pay the above amount for said butter and cheese factory when completed. Said building to be completed within ninety days or thereabout after the above amount of $4,950 is subscribed.

As soon as the above amount of $4,950 is subscribed, or in a reasonable time thereafter, the said subscribers agree to incorporate under the laws of the State as therein provided, fixing the aggregate amount of stock at not less than $4,950, to be divided into shares of $100 each. Said share or shares as stated above to be issued to the subscribers hereto in proportion to their paid up interest herein. And

it is agreed that each stockholder shall be liable only for the amount subscribed by him.

Executed and dated this 16th day of June, 1891.

DAVIS & RANKIN, of Chicago, Ill.,
per Chas. Gurthridge, Special Agent.

| Names of Subscribers. | No. of Shares. | Amount of stock after Incorporation. |
|---|---|---|
| John Wirth | 1 | 100 |
| P. A. Hubbard | 2 | 200." |

Following were the names of thirty-four other subscribers, with the number of shares and amount of stock after incorporation set out in like manner, making in all fifty shares, or $5,000 worth of stock.

The facts are that soon after the making of this contract Davis & Rankin, and later, on August 15, 1891, the subscribers, were duly incorporated, taking the corporate names, respectively, given above in the title of this cause. Appellant completed the work according to the contract and in due time and proper manner filed a statement of its claim as the statute required to entitle it to a lien.

On the 16th of October, 1891, appellee accepted and took possession of the completed factory and ever since has held, occupied and used it. All of the subscribers have paid in full except two, who are each in arrears to the amount of $50, and appellant has received on the contract $4,850, leaving a balance due it of $100.

Upon the expression in the contract that "each subscriber shall be liable only for the amount subscribed by him," appellee bases its contention, which is, that the subscribers contracted severally and not jointly, and limited their liability, respectively, to the amount they subscribed; and that therefore appellant's recourse is against the individual delinquents only. The court below seems to have so held.

We do not concur as to this limitation of the remedy. The contract on one part, whether joint or several, was made by a body of persons contemplating their own incorporation and expressly agreeing to effect it. They were to be incorporated when their subscriptions should amount to the

price of the factory and before any part of that price should become due, and were accordingly so incorporated. While they, in terms, agreed to pay it, it was expressly understood and provided that they were to receive stock of the company to the amount of the respective subscriptions, and be liable for no more. It necessarily followed that the price was to be paid out of those subscriptions. In other words, they were to pay their subscriptions, not to Davis & Rankin as individual debtors for the factory, but to the corporation for their respective shares of its stock, and the corporation was to pay Davis & Rankin for the factory. If any have in fact paid appellant directly, whether in cash or note, they must be presumed to have done so for the corporation, at its instance and request. If any have not paid, either to appellant or the corporation, they are delinquent to the corporation, which could have enforced payment in its own name. Whitsitt v. The Trustees, etc., 110 Ill. 234, and cases there cited. Davis & Rankin agreed to build on this understanding. The identical subscribers became the incorporators, and therefore as a corporation had full notice of this arrangement and understanding when it accepted the building intended for it. We think it was equitably bound for the unpaid balance of the price, and was properly made defendant herein.

By this proceeding appellant is not seeking to enforce any individual liability against the subscribers who have paid their subscriptions in full.

For the reasons stated the decree will be reversed and the cause remanded with directions to render one in accordance with the prayer of the bill.