## Davis & Rankin Building and Manufacturing Company v. Montrose Butter and Cheese Company et al.

1. PAYMENT—*Taking of a Note.*—Ordinarily the taking of a note does not extinguish the debt unless an intent to extinguish it is shown, which may be manifested by an express agreement, or inferred from the circumstances attending the transaction, and is a question of fact.

2. SAME—*Offer to Surrender the Note.*—A party can not insist that a note taken by him for a debt due him is not in payment and discharge thereof, without an offer to surrender the note.

3. AGENT—*Authority to Act May Be Inferred.*—The authority of an agent to act for his principal may be inferred from circumstances.

Mechanic's Lien.—Appeal from the Circuit Court of Effingham County; the Hon. SILAS Z. LANDIS, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed July 1, 1895.

HOLMES & LOY, attorneys for appellant.

GILMORE & GILMORE, attorneys for appellees.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This petition was filed by appellant to enforce a mechanic's lien upon certain lands, for a balance due, according to a certain written contract with the subscribers, to the capital stock of the Montrose Butter and Cheese Factory.

In August, 1892, the appellant made a written contract to build for the appellees a butter and cheese factory at Montrose and equip the same and put it in running order,

574    APPELLATE COURTS OF ILLINOIS.

VOL. 59.] Davis & Rankin Mfg. Co. v. Montrose Butter & Cheese Co.

according to the specifications in said contract, for the sum of $3,950, upon a tract of land to be furnished by appellees, said building to be built and equipped within ninety days from the date of said contract. Accordingly, said butter and cheese factory building was erected and equipped within the time, according to the agreement in said contract, by the appellant, and the same was accepted and received by appellees as being in accordance with the contract. It was further agreed in said contract that the subscribers to the contract should incorporate said butter and cheese factory under the laws of the State of Illinois, and that each subscriber should not be personally or individually liable for any greater amount than was subscribed by him to said corporation. The subscribers did incorporate under the laws, as per contract. It was further agreed in the contract that no part of said subscription should be due and payable until said butter and cheese factory was built and in running order, and that any amounts not paid in cash should bear a legal rate of interest. Said contract was signed by the appellant, by George D. Quick, special agent, and by all the subscribers to the capital stock of said corporation, designating the amount each would take and the number of shares. After the building was completed and accepted by appellees, the appellant sent their agent, G. W. Lufkin, to Montrose, to collect the amount due, $3,950, on this contract, and he took the money and notes from the subscribers to said stock, and collected in cash all but about $1,450. For that he took the individual notes of the several subscribers for the amount subscribed. These notes were all paid except one of $100, given by Zora C. Browning, he being one of the subscribers to the capital stock of said corporation; note dated November 21, 1892, due one year after date, with six per cent interest. At the time of the taking of said notes, Lufkin gave receipts to the several subscribers, of which the following is a copy:

" To the Second Party to the Creamery Contract at Montrose, Ill., Nov. 21, '92.

GENTLEMEN: Received cash to apply on your contract, $500, at the hands of C. S. Bates. This payment is in full,

as appears on the face of your creamery contract, and entitles him to five paid up shares when incorporation takes place, as your stipulation therein.

> Davis & Rankin Building and Manufacturing Co.,
> Per G. W. Lufkin, Special Agent."

On back of receipt is as follows in writing:

" Received payment in full of all debts and demands on contract.

> Davis & Rankin, B. & M. Co.,
> Per G. W. Lufkin."

Browning got a receipt like this, except as to name, and " note " instead of " cash." It is admitted his note is due, not paid, and that the proper formal steps were taken for a mechanic's lien. The evidence shows that Lufkin took notes in settlement of subscription when he could not get cash. When he first came down from Chicago the parties refused to settle with him. As stated by the secretary of appellee, " we said we would not pay unless they would release us from any further obligation. He said, ' I don't want to do anything except what I am instructed to do;' and then he went to Chicago to get what he said was the contract authority from Davis & Rankin to settle in a few days. He came back to Montrose and settled up. Some paid money and some he agreed to take notes from. He claimed he went to Chicago to get the authority to put that on the back," meaning the following: " Received payment in full of all debts and demands in contract. Davis & Rankin B. & M. Co., per G. W. Lufkin."

There was other evidence of a similar nature, none of which was contradicted. Appellee contends the contract indebtedness, to enforce which this petition for a lien was filed, was paid by the note. The appellant contends the form of the debt merely was changed, but the contract was not discharged. Ordinarily the taking of a note does not extinguish the debt, unless an intent to extinguish it is shown, (Archibald v. Argall, 33 Ill. 307; Paddock v. Stout, 121 Ill. 571), which may be manifested by an express agreement, or inferred from the circumstances attending the transaction,

and is a question of fact. Archibald case, *supra*. That fact has been determined by the court below against appellant, with which finding we are not disposed to differ.

It is contended, however, that Lufkin had no authority to make the contract shown by the receipt, and testified to by the witnesses. Appellant "can't keep its cake and eat it." It has the note, obtained under the agreement shown, which, as found by the court, discharged the contract indebtedness. It has not offered to surrender the note.

The petition seeks to enforce the contract indebtedness, represented by the Browning note, which extinguished that indebtedness. Outside of that question, however, it is thought there is sufficient evidence to show Lufkin had the authority to make the contract shown by the evidence. This is not like the case decided by the Appellate Court of the Third District—Davis & Rankin Building and Manufacturing Company v. The Colusa Dairy Association and Joseph F. Dietrick, 55 Ill. App. 591.

The decree is affirmed.