National Life Insurance Company of the United States of America, Appellant, v. Charles H. McDermott, Appellee.

### Gen. No. 18,834.

1  INSURANCE, § 194*—*when acceptance of worthless certificate of deposit in payment of a single premium policy does not entitle insurer to cancellation of policy.* On bill filed by a life insurance company to cancel a policy of life insurance executed and delivered to defendant on application for a single premium policy, it was alleged that the policy was void because there was no payment of the premium, that a certain certificate of deposit given in payment for the premium was worthless for the reason that the bank was insolvent, and that defendant knew of the bank's insolvency and complainant did not, *held* that a decree, dismissing the bill for want of equity, finding that the certificate of deposit was accepted as payment in full of the premium was proper, it appearing from the circumstances attending the transaction that the certificate was taken as a "settlement" or "payment" or "exchange" for

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

the policy and there being no sufficient proof that defendant had knowledge of the bank's insolvency.

2. PAYMENT, § 7*—*determination whether taking of certificate of deposit constitutes absolute payment.* Whether the taking of certificate of deposit of a bank in payment of a premium on a life insurance policy is an absolute or a conditional payment may be established not only by express words but by reasonable implication from the attendant circumstances.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed May 4, 1914.

L. A. STEBBINS, for appellant.

O'SHAUGHNESSY & O'SHAUGHNESSY, for appellee; FRANCIS O'SHAUGHNESSY and JOSEPH L. TOOHEY, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

The complainant below and appellant here, the National Life Insurance Company of The United States of America, brought a bill in equity in the Circuit Court of Cook county in February, 1911, against Charles H. McDermott, the appellee herein, to cancel a certain policy of life insurance in the sum of $3,000 which it had theretofore on September 9, 1910, executed and delivered to the said Charles H. McDermott. It alleged that the terms of the application for said policy provided that the Company should incur no liability until the premium had actually been paid to and accepted by the Company or its authorized agent, and that although McDermott asserted to the contrary and was threatening to assign and transfer the policy, the policy was void because there had been no payment to the complainant of the premium, which was to be a single premium of $1,948. 20.

The further allegations were that contemporaneously with the delivery of the said policy to McDermott,

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

Nat. Life Ins. Co. v. McDermott. 186 Ill. App. 157.

McDermott had delivered to the complainant a certificate of deposit in the Cosmopolitan Bank of Chicago for the sum of $1,948.20; that while the certificate of deposit bears date July 1, 1910, it was in fact executed at about the time of its delivery to the complainant by McDermott; that at the time of the said transaction between the complainant and McDermott the Cosmopolitan Bank of Chicago was insolvent; that McDermott knew it; that the complainant did not know it; that on December 14, 1910, a receiver was appointed by the Circuit Court of Cook county for the Cosmopolitan Bank of Chicago; that the receiver took possession of the property of the bank; that said property is not more than sufficient to pay the expense of the receivership and the certificate of deposit is of no value; that when said certificate of deposit, which was in the following terms:

"COSMOPOLITAN BANK OF CHICAGO.
(Not Inc.)
C. B.                          Chicago, Ill., July 1, 1910.
No. 146
National Life Ins. Co., U. S. A., have deposited in this Bank nineteen hundred and forty-eight (20/100) dollars $1,948.20/100 payable to themselves January 1st, 1911, in current funds, on the return of this certificate properly endorsed, with interest at the rate of 4 per cent. per annum, if left six months, no interest after 7 months.
                        MILO FRANKLIN LEWIS,
Not subject to check.    ST. LAWRENCE CHANDLER,"

became due on January 1, 1911, Lewis and Chandler had left for parts unknown, the bank was closed and there was no person to make demand for payment in Chicago; that the complainant indorsed the certificate of deposit "Without Recourse" and tendered it to McDermott, demanding from him payment of $1,948.20, which he refused to make.

By amendment the complaint alleged further that it never deposited any sum in the Cosmopolitan Bank;

that said certificate was issued by said bank at the request of said defendant and not at its request, and that the complainant obtained the certificate by surrendering to said bank a certain other certificate of deposit executed by the said bank for a larger sum and securing in return this certificate for $1,948.20 and other certificates of deposit, and that the larger certificate was not McDermott's property, but that of one Arvidson, and that McDermott attempted to commit a fraud on Arvidson and the complainant by the surrender of the larger certificate and obtaining the certificate here in question and delivering it to complainant; also that Lewis and Chandler, whose names are appended to the said certificate of deposit, were in September, 1910, and at all times thereafter insolvent, known so to be by the defendant, but not known to be so by complainant.

The policy is made a part of the bill. A provision of it much insisted on by the complainant is:

"This insurance is granted upon condition that the premium be promptly paid when due, and failure to pay the premium or any part thereof when due, or failure to pay at maturity any note given for the premium or any part thereof, shall forfeit and cancel this contract and terminate all obligations of the company under this policy and all payments made hereon shall thereupon stand forfeited to the company, except as herein otherwise provided."

The bill as amended was demurred to, but the demurrer was overruled and the defendant McDermott answered. The answer denied knowledge on the part of the defendant that the Cosmopolitan Bank or Lewis or Chandler were in September, 1910, insolvent, and alleged that McDermott offered the certificate of deposit in question "as full payment and satisfaction of the premium upon said policy of insurance and the complainant accepted said certificate of deposit as payment of said premium."

The chancellor below, after a hearing, dismissed the bill for want of equity, finding that the certificate of

deposit was accepted as payment in full of the premium. The complainant appealed.

We think the decision of the chancellor in the Circuit Court was correct.

The evidence, which was entirely offered by complainant, showed that McDermott and an agent of the Company (one Burton) went to the main office of the Company and there submitted to the assistant secretary of the Company, a Mr. McCourtie, an application for a single premium policy of life insurance, "an unusual form of policy," and that there Burton spoke about taking a "certificate of deposit" for the premium; that the assistant secretary said that he couldn't decide about that, but would "take the thing up" with the proper officials of the Company; that it was usual and customary for the Company "to trade life insurance for things other than money," "for notes and that sort of thing;" that McCourtie did submit the matter to a superior officer, as he says: "On a question of credit, as to whether or not that could be rightfully received as a settlement of this premium, just as if we had taken a note or something of that sort."

McCourtie also testified: "I don't know of another case of this kind of a certificate of deposit being offered in exchange for the premium."

After the conference alluded to between the officers of the Company, McCourtie went with McDermott, whose certificate of deposit was larger than the amount of the premium, to the Cosmopolitan Bank and took from it or from Lewis and Chandler the "certificate of deposit" in question, running directly to the Company, for which the policy was then delivered to McDermott.

We think this was done at the risk of the Company and that the transaction shows it was not a conditional payment or security, but an "exchange" of one document for the other—the obligation of the Company to McDermott for the obligation of Lewis and Chandler to the Company.

While it is true that in Illinois, as in the majority of the States, the taking of a note of a third person is not *prima facie* absolute payment in the case of either a contemporaneous or antecedent indebtedness, but mere conditional payment or security (*Cheltenham Stone & Gravel Co. v. Gates Iron Works,* 124 Ill. 623), there is nothing in the *Cheltenham* case or any other in Illinois, we think, which contradicts the statement quoted in the *Cheltenham* case with apparent approbation from Story on Promissory Notes, that: "The taking of a promissory note for a pre-existing debt, or a contemporaneous consideration, is treated, *prima facie,* as a conditional payment only, that is, as payment, only,—if it is duly paid at maturity. * * * But * * * the rule is founded upon a mere presumption of the supposed intention of the parties, and is open to explanation and rebutter, by establishing, by proper proofs, what the real intention of the parties was; *and this may be established, not only by express words, but by reasonable implication from the attendant circumstances.*"

Indeed the opinion in *White v. Jones,* 38 Ill. 159, 165, would seem to lay down a different rule from the *Cheltenham* case, *supra,* as to the presumption in the case of a pre-existing debt. And see *Archibald v. Argall,* 53 Ill. 307, and *Davis & Rankin Mfg. Co. v. Montrose Butter & Cheese Co.,* 59 Ill. App. 573-575.

We think "the circumstances attending the transaction" in this case, the character of the exchange, the action of the subordinate officer in delaying action for conference, the taking of an unindorsed certificate running direct to the Company from the third parties, and the peculiar nature of the wording of the obligation taken, tend to show that the certificate was taken as "settlement" or "payment" or "exchange" for the policy.

Another question might arise if the charge of fraud by the taking of advantage of the ignorance by the

Company of the insolvency of Lewis and Chandler, by one who did know of it, had been proven. But we see no sufficient proof in the record of such knowledge on the part of McDermott, nor even of the insolvency itself in September, 1910. The testimony of Kreis as to an ambiguous remark of McDermott falls short of it and could at most raise merely a suspicion.

The decree of the Circuit Court is affirmed.

*Affirmed.*